## 25792. SUTTON *v.* THE STATE.

DECIDED OCTOBER 15, 1936.

*Carlisle Cobb,* for plaintiff in error.
*Stephen C. Upson, solicitor,* contra.

MacINTYRE, J.   Tommie Sutton was convicted in the city court of Athens of a violation of the automobile law. In Ga. Laws 1895, p. 356, sec. 4, it is declared: "In all trials of criminal cases in said city court of Athens on accusation founded on affidavit, as provided in act establishing said court, the counsel for the State shall have the right, at any stage of any trial of any criminal case, to amend the allegation in the accusation, both in substance and form, so as to cure any legal or technical defects and supply all allegations necessary to charge a crime, or to make the allegations conform to the proof to avoid variance of allegation and proof on crime originally charged; provided, the presiding judge may, if in his discretion the ends of justice require it, grant a continuance to the defendant on the ground of surprise." The charging part of the accusation in this case is that the defendant "did with force and arms then and there unlawfully operate a motor vehicle on the Lexington road, a public highway, and did then and there approach a bridge on said road without reducing the speed of said vehicle, but did drive upon said bridge at a speed in excess of thirty miles per hour, and did fail to have lights on said motor vehicle that would throw a light a reasonable distance in front of same, and did unlawfully run down and kill a horse, property of J. E. Patman, which was being ridden along said

road and was then on said bridge, when struck and killed by said vehicle." On the trial of the case, after issue had been joined, jury sworn, and evidence introduced, the State offered the following amendment to the accusation: "Now comes the State and by leave of the court amends the accusation, and alleges that said defendant, upon approaching the horse then and there being ridden on said public highway, and did unlawfully fail to so operate said vehicle, as it approached the bridge on which said horse was then being ridden, without having said vehicle under his immediate control, and did unlawfully hit and kill said horse then being on said bridge." This amendment was allowed over the objection that "it came too late."

In District of Columbia v. Herlihy, 8 App. D. C. 466, it was said: "Informations differ in nothing from indictments in form and substance, except that they are filed at the mere discretion of the proper law-officer. Arch. C. P. P. page 63-2, n.1 (6th ed.); Whar. Amer. C. L. sec. 213. They must contain all the substantial requisites of an indictment at common law. State of Ind. v. Miles, 4 Ind. 577; 8 Ind. 182. There being no statutory provisions existing in the District of Columbia in regard to amending criminal informations, they are governed by the rules of common law, which allowed it to be done only before trial. Arch. C. P. P. p. 100; 1st Chit. Crim. Law, pp. 298, 842." In *Goldsmith* v. *State*, 2 *Ga. App.* 283, 284 (58 S. E. 486), it was stated that an accusation is the equivalent of the common-law "information." In the same decision it was further stated: "In *Gordon* v. *State*, 102 *Ga.* 679 (29 S. E. 446), Mr. Justice Cobb said: 'The term [accusation], as used in our law in reference to trials in courts having jurisdiction of misdemeanor cases, is but the equivalent of an information at common law;' and Justice Fish, speaking for the court, in *Wright* v. *Davis*, 120 *Ga.* 676, 48 S. E. 173, says: 'Under the common law, from which most of our ideas of "due process of law" are derived, an information lies for all misdemeanors, and an information by the attorney or solicitor-general . . is the mere allegation of the prosecuting officer by whom it is preferred.'" In 31 C. J. 825, § 417 (2), it is said: "The legislature can not authorize the amendment of an indictment during the trial in matter of substance where, as is the case in most States, if not in all, the constitution guarantees to

persons accused the right, before they can be called upon to answer, to be fully and substantially informed of the nature and cause of the accusation, either by an express provision to this effect or impliedly by the provision requiring due process of law. The legislature, however, may authorize amendments at any time in mere matters of form, where defendant will not be prejudiced thereby." "An information can not be amended in matter of substance after trial and verdict, or, by the weight of authority, even during the trial." 31 C. J. 826, § 423 (89). In Walton v. State, 255 Mo. 232 (2) (164 S. W. 211), it was said: "Sec. 4970, R. S. 1909, declaring that an information 'may be amended at any time before the case is finally submitted to the justice or jury,' authorizes only such amendments as do not change the nature of the charge or the defense which may be interposed. If the degree or nature of the alleged crime be changed by the amendment, it should not be permitted after the trial has begun." The appellate courts of our own State have said: "The solicitor of the city court, before trial of a criminal case and before the selection of a jury, can at any time amend the accusation as he may deem proper." Conley v. State, 83 Ga. 496, 499 (10 S. E. 123). Provided, the affidavit upon which it is based will support the accusation as amended; and provided further that such amendment is not forbidden by the act of the city court or by any act amendatory thereof. Spaulding v. State, 25 Ga. App. 194 (102 S. E. 907). But "it is too late, after the accused had been put upon trial, the evidence submitted, and the argument of counsel in part heard, to amend the accusation in a city court so as to charge that the offense was committed in the county alleged in the affidavit on which the accusation is based." Conley v. State, supra; Goldsmith v. State, supra; 31 C. J. 828, § 430.

In the instant case the amendment was one of substance. The act creating the city court of Athens expressly says that "the counsel for the State shall have the right, at any stage of any trial of any criminal case, to amend the allegation in the accusation, both in substance and in form, so as to cure any legal or technical defects and supply all allegations necessary to charge a crime." Notwithstanding this, we think, in view of the due-process of law provision in our constitution, which in our opinion guarantees to a person charged with crime the right, before he can be called

upon to answer, to be informed so plainly that the nature of the offense charged may be easily understood by the jury, and that the accused will be enabled to prepare his defense, that the legislature can not authorize that an accusation be amended during the trial in a matter of substance, such as appears in this case, any more than it could authorize such an amendment of an indictment, where the defendant is prejudiced by the amendment; for the defense under the accusation as it originally stood would not be equally available after the amendment is made, and the evidence the defendant might have would not be equally applicable to the accusation as it was orginally and as it was as amended. 31 C. J. 827, 829, §§ 425, 431. In addition, we think that the amendment to the accusation, which is one of substance, could not be allowed after the trial had begun, the evidence submitted, and the argument of counsel in part heard, because in a criminal case after the trial has once commenced the prisoner has a right to insist upon a verdict from the jury so that he may not be put in jeopardy a second time. State *v.* Stebbins, 29 Conn. 463, 471 (79 Am. D. 223). And we think a verdict of acquittal on the accusation as it originally stood would have prevented another accusation containing the allegations in the amendment. Another vice of this sort of an amendment is clear when reference is made to the statute which requires that "every person charged with an offense against the laws shall be furnished, on demand, previously to his arraignment, with a copy of the accusation [whether used in its restricted sense and referring to accusations in this city court, or in its general sense as also including indictment], and a list of the witnesses on whose testimony the charge against him is founded." Code, §§ 2-105, 27-1403. It was error to allow the amendment to the accusation in the instant case, in a matter of substance, after defendant had been put on trial, the jury sworn, testimony submitted, and argument of counsel in part heard.

*Judgment reversed. Guerry, J., concurs. Broyles, C. J., dissents.*