## 61611. FELCHLIN v. THE STATE.

POPE, Judge.

Fritz L. Felchlin was charged with the offense of driving under the influence of alcohol. A jury had been selected and sworn to try the case when the solicitor amended the accusation by changing the place in Clarke County where the offense was alleged to have occurred from Cleveland Avenue to Cleveland Road in order to correct a typographical error. The amendment was allowed over appellant's objection. The jury returned a verdict of guilty and upon the trial court's denial of a motion for new trial, this appeal was taken.

1. Appellant contends that the amendment to the accusation which changed the site of the offense from Cleveland Avenue to Cleveland Road was a material change and that it was incumbent upon the trial court to grant a mistrial or at least a continuance. He relies upon *Sutton v. State,* 54 Ga. App. 349 (188 SE 60) (1936), which held that it was error to allow an amendment to an accusation *"in a matter of substance,* after defendant had been put on trial, the jury sworn, testimony submitted, and argument of counsel in part heard." (Emphasis supplied.) Id. at 352. However, the provisions of Code Ann. §§ 68A-103 and 68A-902 make it an offense to operate a motor vehicle under the influence of an intoxicant on the public highways and elsewhere in the State of Georgia. The exact location is not a material element of this offense and the accusation is sufficiently certain if it charges that the offense was committed in a particular county. *Flanders v. State,* 97 Ga. App. 779 (104 SE2d 538) (1958). The amendment in the present case was not such a change as would have prejudiced appellant.

2. Appellant also urges that the trial court erred in failing to grant his motion for a directed verdict. He contends that there was no evidence to support his conviction other than his admission to the effect that he was driving the car at the time of the wreck. The evidence showed that appellant and a female companion were sitting across the road from the wreckage of an overturned automobile when the police arrived on the scene. The automobile had apparently left the road and traveled approximately 192 feet in a ditch adjacent to the road before striking a telephone pole, breaking it in half, and a five-foot tall telephone box. The automobile appeared to have tumbled end-over-end several times before coming to rest in its overturned position. Observing that appellant had abrasions to his head and right arm, the police officer at the scene administered first aid. He testified that appellant smelled strongly of alcohol. The officer asked appellant what had happened to which appellant replied that he "was going too fast to make the curve." Appellant was

then placed under arrest.

Appellant's admission that he was going too fast to make the curve was at least some evidence that he was driving the vehicle in question. This evidence was corroborated by his proximity to the scene of the wreckage and his physical injuries indicating he had been in the car at the time of the wreck. Appellant and his companion were taken to a nearby hospital where a sample of appellant's blood was taken; a later analysis of that blood revealed a percentage of alcohol by weight of .19, almost twice the minimum specified by law for raising a presumption of intoxication. Code Ann. § 68A-902.1. This evidence did not demand a verdict of acquittal and was altogether sufficient for a rational trier of fact to have found that appellant was operating a motor vehicle while under the influence of alcohol. *Stephens v. State,* 127 Ga. App. 416 (193 SE2d 870) (1972); Code Ann. § 27-1802.

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 30, 1981.

*Guy B. Scott, Jr.,* for appellant.
*Ken Stula, Solicitor,* for appellee.