## 69834. RUSSELL v. THE STATE.
(330 SE2d 175)

POPE, Judge.

After a trial by jury, appellant was convicted of violating OCGA § 40-6-391 (a) (1) and of operating a motor vehicle after being declared a habitual violator under OCGA § 40-5-58.

1. Appellant asserts a fatal variance between the allegations of the indictment and the proof adduced at trial. Count II of the indictment charged appellant with D.U.I. alleging that on February 25, 1982 while under the influence of alcohol he drove and was in actual physical control of a moving vehicle upon the public street and highway known as Georgia Highway 76, one mile east of Blue Ridge, Fannin County, Georgia. The State presented evidence to show that at approximately 11:30 p.m. on February 25, 1982 two Fannin County Deputy Sheriffs were patrolling on Highway 76. They saw a car in the parking lot of Harmony Church adjacent to and located 20-25 feet from Highway 76. The parking lot of the church could only have been entered from Highway 76. Upon their arrival, appellant was in the driver's seat of the car with the motor running, the back-up lights on, and the car moving slightly in reverse. The owner of the vehicle was asleep in the passenger's seat. The officers testified that appellant "had a strong odor of alcohol about him" and was "real staggery" and "wobbly." An intoximeter test revealed appellant's blood alcohol content to be .18 percent. Appellant testified on cross-examination that he had consumed three or four drinks of vodka mixed with orange juice over a four to five-hour period.

We find no fatal variance between the evidence and the indictment. "[T]he provisions of [OCGA §§ 40-6-3 and 40-6-391] make it an offense to operate a motor vehicle under the influence of an intoxicant on the public highways and elsewhere in the State of Georgia. The exact location is not a material element of this offense and the [indictment] is sufficiently certain if it charges that the offense was committed in a particular county. *Flanders v. State,* 97 Ga. App. 779 (104

SE2d 538) (1958)." *Felchlin v. State*, 159 Ga. App. 120 (1) (282 SE2d 743) (1981). See also *Lewis v. State*, 149 Ga. App. 181 (3) (254 SE2d 142) (1979).

2. In related enumerations of error appellant challenges the sufficiency of the evidence to support his conviction as well as the trial court's denial of his motion for directed verdict of acquittal. Appellant specifically contends that the State failed to show that he operated a motor vehicle upon Highway 76. We disagree. Appellant produced evidence to the effect that he and Mull were driven from Highway 76 into the parking lot by James Gary Parr who parked the car there, left the motor running with appellant and Mull inside, and drove away in his truck shortly before the officers arrived. The jury, however, apparently did not believe appellant's version. See *Carr v. State*, 169 Ga. App. 679 (1) (314 SE2d 694) (1984). "The weight and credit of the evidence and the credibility of the witnesses was for the jury to determine." *Roberts v. State*, 172 Ga. App. 139, 140 (322 SE2d 342) (1984). "It is well settled that the driving of an automobile while intoxicated may be shown by circumstantial evidence. In order to sustain the judgment of conviction, the evidence need not exclude *every* inference or hypothesis except the guilt of the accused, but only *reasonable* inferences and hypotheses, so as to justify the inference, beyond a reasonably doubt, of guilt. While no one saw the auto move [upon Highway 76] while operated by appellant in an intoxicated state, there was circumstantial evidence that he had moved the car [from Highway 76 a distance of 20-25 feet into the parking lot]. The jury was authorized not to accept an alternative hypothesis offered by appellant. There was sufficient evidence presented from which a rational trier of fact could find appellant guilty beyond a reasonable doubt of driving under the influence of alcohol." (Citations and punctuation omitted.) *Fuller v. State*, 166 Ga. App. 734, 735 (305 SE2d 463) (1983). See *Carr v. State*, supra; *Shoffeitt v. State*, 163 Ga. App. 372 (294 SE2d 587) (1982); *Lewis v. State*, supra at (1); *Stephens v. State*, 127 Ga. App. 416 (2) (193 SE2d 870) (1972). We find no merit in these enumerations of error.

3. In his final enumeration of error appellant contends that the trial court erred by charging the jury that appellant "could be convicted for being in physical control of the vehicle without regard to whether it was moving." We agree with appellant that inclusion of that language in the instructions to the jury would constitute reversible error under *Carr v. State*, supra at (2). However, a thorough review of the transcript of the charge to the jury in this case reveals that no such charge was given. On the contrary, the trial court properly charged that "you must find that the defendant drove or had in his actual physical possession a moving vehicle" to convict on either of the charges. This enumeration of error also presents no ground for

reversal.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED APRIL 1, 1985.

*Roger E. Bradley, William L. Reilly,* for appellant.
*George W. Weaver, District Attorney, Brenda S. Thurman, Assistant District Attorney,* for appellee.