74880. ENDSLEY v. THE STATE.
(363 SE2d 1)

BENHAM, Judge.

Appellant was convicted in a bench trial of driving a vehicle with-

out a license (OCGA § 40-5-20 (a)); operating an unregistered vehicle (OCGA § 40-2-8 (a)); operating a vehicle without a valid numbered license plate (OCGA § 40-2-8 (b)); and operating a motor vehicle without effective insurance (OCGA § 33-34-12 (a)). Appellant, appearing pro se, brings this appeal from his convictions.

1. Appellant initially contends that the accusations upon which he was tried were null and void for various reasons. Contrary to appellant's assertions, the original accusations were signed by the prosecuting attorney (OCGA § 17-7-71 (a)), and the copies he received had the printed name of the solicitor upon them. See *Hardemann v. State*, 147 Ga. App. 120 (1) (248 SE2d 189) (1978). Each accusation stated "the offense in the terms and language of the law or so plainly that the nature of the offense charged [was] easily understood. . . ." OCGA § 17-7-71 (c). It was not necessary to include current citations of law within the accusations. See OCGA § 17-7-71 (d); *Turner v. State*, 233 Ga. 538 (212 SE2d 370) (1975). The motions hearing transcript reflects that appellant was served with copies of the various accusations filed against him. Testimony that appellant was on Hammond Drive rather than on East Hammond Drive as alleged in the accusation was not a fatal variance since the exact location is not a material element of this offense, and the accusation was sufficiently certain since it charged that the offense was committed in a particular county. See *Russell v. State*, 174 Ga. App. 436 (1) (330 SE2d 175) (1985).

2. Appellant maintains that directed verdicts of acquittal should have been granted because the State did not prove appellant owned the automobile he was driving when he was stopped and ticketed. However, each of the offenses with which appellant was charged (OCGA §§ 40-2-8 (a) and (b); 40-5-20 (a); 33-34-12 (a)) make it illegal to *operate* an unlicensed, unregistered vehicle without insurance and a driver's license, and the State proved appellant was operating the automobile. Appellant also argues the State failed to prove the *contra pacem* clause contained in each accusation. By presenting evidence from which the jury could rationally conclude that appellant's actions contravened the statutes involved, the State also proved that appellant had acted "contrary to the laws of this State, the good order, peace and dignity thereof."

3. Appellant's argument that the trial court lacked jurisdiction because the arresting officer was not an elected official, thereby denying to appellant a republican form of government, is specious and without merit. We similarly view appellant's argument that only an admiralty court had subject-matter jurisdiction of the accusation concerning his lack of insurance coverage. The State Court of Fulton County had jurisdiction to try appellant for the misdemeanors with which he was charged. See Ga. Const. 1983, Art. VI, Sec. II, Par. VI;

OCGA §§ 17-2-2; 15-7-4; U. S. Const., Amend. 10. Personal jurisdiction over appellant was in the State Court of Fulton County since appellant was accused of committing misdemeanors within the geographic confines of Fulton County.

4. Appellant next asserts he is not a "person" as that term is used in OCGA §§ 40-1-1 (33); 40-2-8 (a) and (b); 40-5-20 (a); and defined in OCGA § 40-1-1 (38). Therefore, he contends, he is not required to have a driver's license or an automobile tag. "[T]he right to travel by operating a motor vehicle on the roads of this State is a 'qualified right' which a citizen exercises by obtaining a license from the State. [Cit.] Under the police power and for the protection of the public, it is constitutionally permissible for the State to impose reasonable conditions to qualify for a license. [Cit.] . . . [There is] no constitutional violation in the fact that the State requires a license to drive." *Lebrun v. State*, 255 Ga. 406 (1) (339 SE2d 227) (1986). For similar reasons, it is not unconstitutional for the State to require a valid license plate to be affixed to a motor vehicle required to be registered.

5. Appellant next maintains the trial court erroneously denied his request for counsel not a member of the State Bar of Georgia. "While an accused has a right to representation by an attorney and to represent himself, there is no right to be represented by a non-lawyer third party. . . ." Id. Division 2.

6. Upon review of the record and transcripts of the proceedings, we cannot agree with appellant that he was denied due process of law.

7. Each of the four sentences meted out by the trial court for appellant's four violations of state law fell within statutory limitations. See OCGA §§ 40-2-8 (a) and (b); 40-5-120 (7); 33-34-12 (a); and 17-10-3. "This court is without authority to review sentences within the statutory range. [Cit.]" *Sherrell v. State*, 170 Ga. App. 798 (1) (318 SE2d 221) (1984).

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 10, 1987 —
REHEARING DENIED NOVEMBER 6, 1987 — 

O. H. Endsley, *pro se.*

*James L. Webb, Solicitor, E. Duane Cooper, Assistant Solicitor,* for appellee.