75975. MANLEY et al. v. THE STATE.
(371 SE2d 438)

POPE, Judge.

Defendants Marvin Daniel Manley and Larry Daniel Manley appeal their convictions of the offenses of hunting at night (OCGA § 27-3-2), hunting from a motor vehicle (OCGA § 27-3-13) and hunting upon a public road (OCGA § 27-3-10). *Held*:

1. Defendants' second enumeration of error questions the sufficiency of the evidence. The State's evidence is that on the night of November 15-16, 1986, law enforcement officers of the Department of Natural Resources were conducting a stakeout in response to complaints of night hunting. Shortly after 2:00 a.m. officers heard a vehicle with a loud muffler approaching slowly on a public road. The approaching vehicle stopped, then turned off the public road onto a gas line easement. At first the officers could only hear the vehicle and see its headlights, but as the vehicle passed nearer the officers' position, it was moving very slowly and two individuals could be seen standing up on the back of a pickup truck holding something. The truck slowly traveled approximately a half mile down the gas line easement and

turned around and returned to the public road. At the public road the vehicle turned towards the officers' location. As the officers and their automobiles were about to be illuminated by the headlights of the truck, the officers turned on their headlights and saw two individuals on the back of the truck with rifles aimed down the road toward the officers' location. The officers turned on their blue light, whereupon the truck stopped and the two individuals in the back of the truck began ejecting cartridges from their rifles. As officers approached the truck the two individuals in the back of the truck tried to lie down and hide. The driver of the truck was defendant Larry Daniel Manley. The two individuals in the back of the truck were defendant Marvin Daniel Manley and Cox, a co-defendant who pled guilty to each of the three offenses charged.

From the evidence adduced at trial, a rational trier of fact could reasonably have found proof of each defendants' guilt of the offenses charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); see also *Shirley v. State*, 254 Ga. 723, 724 (n. 1) (334 SE2d 154) (1985).

2. In their first enumeration of error defendants take exception to the trial court's refusal to quash the accusations against them because the State failed to produce affidavits upon which the accusations were based. Each of the accusations recited that it was predicated upon an affidavit, when, in fact, it was established upon the hearing of defendants' motion to quash that no affidavits ever existed. "Since 1980 an accusation 'need not be supported by an affidavit except in those cases where the defendant has not been previously arrested in conjunction with the transaction charged in the accusation and the accusation is to be used as the basis for the issuance of a warrant for the arrest of the defendant.' Ga. L. 1980, pp. 452, 453 (now OCGA § 17-7-71 (a)); see *Evans v. State* [168 Ga. App. 716, 717 (310 SE2d 3) (1983)]." *King v. State*, 176 Ga. App. 137, 138 (2) (335 SE2d 439) (1985), overruled on other grounds, *Copeland v. White*, 178 Ga. App. 644 (344 SE2d 436) (1986). In the case sub judice, the parties stipulated that defendants had been previously arrested.

Nonetheless, defendants contend the State is bound by its choice to base its accusations upon affidavits. See *Smith v. State*, 140 Ga. App. 339 (1) (231 SE2d 91) (1976); *Willoughby v. State*, 137 Ga. App. 789 (225 SE2d 65)(1976). However, regardless of whether the reference to the non-existent affidavits is viewed as surplusage or an imperfection amounting to error, no harm to defendants has been shown. Contrary to defendants' assertion, the absence of the affidavits did not serve to mislead defendants to their prejudice. *Miller v. State*, 182 Ga. App. 700 (356 SE2d 900) (1987); *King v. State*, supra.

However, we do find that defendants' motions to quash the accusations should have been partially granted because a portion of the

accusation against each defendant was deficient in that no crime was alleged. "The true test of the sufficiency of an indictment (or accusation or citation) is not whether it could have been made more definite and certain (or, for that matter, perfect,) but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." (Cits. and punctuation omitted.) *King v. State,* supra at 139-140. Thus, if the accused can admit all the accusation charges and still be innocent of having committed any offense, the accusation is defective. *Brooks v. State,* 141 Ga. App. 725 (1) (234 SE2d 541) (1977).

Count 1 of the accusation against defendant Larry Daniel Manley charged him with the "offense of misdemeanor Hunting at Night with Aid of lights: for that the said accused . . . did unlawfully hunt wildlife at night with aid of lights." Wildlife is defined rather broadly in OCGA § 27-1-2 (77) as "any vertebrate or invertebrate animal. . . ." OCGA § 27-3-2 provides it shall be unlawful to hunt at night any game bird or game animal, subject to some exceptions. The terms "game animals" and "game birds" are defined in OCGA § 27-1-2 (34) & (35). While game animals and game birds are subsets of the set wildlife, when combined they do not include all that is defined as wildlife. In other words, some species of wildlife are neither game animal nor game bird. Consequently, one may admit hunting wildlife at night with aid of a light and still be innocent of any criminal activity. Thus, the motion to quash Count 1 of the accusation against defendant Larry Daniel Manley should have been granted.

Count 1 of the accusation against defendant Marvin Daniel Manley was worded significantly differently. Said count accused defendant Marvin Daniel Manley of "Hunting Deer at Night with Aid of Lights: for that the said accused . . . did unlawfully hunt wildlife at night with aid of lights." Hunting deer at night with the aid of lights is, in fact, a violation of OCGA § 27-3-2 since "deer" is a "game animal" according to OCGA § 27-1-2 (34) and game animals may not be hunted with lights. It matters not that the accusation went on to allege other facts (i.e., that defendant hunted "wildlife") which do not amount to a crime since, when read as a whole, the accusation clearly and unambiguously charges defendant with hunting a specie of game animal with lights.

The legal sufficiency of the accusation or indictment depends upon the accusation as a whole. "An indictment is sufficiently technical and correct if it states the offense in the terms and language of the statute or so plainly that the jury may easily understand the nature of the offense charged. [OCGA § 17-7-54]." *Brooks v. State,* 141 Ga.

App. 725, 729-730 (234 SE2d 541) (1977). "[A] defendant who was not at all misled to his prejudice by any imperfection in the indictment cannot obtain reversal of his conviction on this ground." *State v. Eubanks,* 239 Ga. 483, 484 (238 SE2d 38) (1977). The designation of the offense should be construed together with the descriptive averments contained in the accusation or indictment to determine whether it adequately charges the offense. See *Sneed v. State,* 16 Ga. App. 351 (1) (85 SE 354) (1915). An accusation or indictment is legally sufficient so long as it contains the elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet. *Williams v. State,* 165 Ga. App. 69 (1) (299 SE2d 402) (1983). Defendant Marvin Daniel Manley was clearly notified by the accusation as a whole that he was being charged with hunting not just any specie of wildlife but, specifically, deer. Both the defendant and the jury should have easily understood the offense charged. The accusation should not have been quashed and the conviction should not be reversed.

On the other hand, Count 2 of the accusation against each defendant is deficient. Count 2 of each accusation alleges the respective defendants "did with force of arms unlawfully hunt, chase, or kill wildlife from a motor vehicle." OCGA § 27-3-13 provides that it shall be unlawful to hunt any game bird, game animal, or fur-bearing animal (defined in OCGA § 27-1-2 (31)) from a motor vehicle. Again, those species which may not be hunted from a motor vehicle are subsets of the set wildlife but not exhaustive of all that is included in wildlife. One may admit to hunting wildlife from a motor vehicle and still be innocent of criminal activity. Therefore, the defendants' motions to quash, in regard to Count 2 of each accusation, should have been granted.

Count 3 of the accusation against each defendant alleges violation of OCGA § 37-3-10, pursuant to which it is unlawful to hunt any wildlife upon any public road. Consequently, use of the word "wildlife" in Count 3 of each accusation results in no deficiency and the trial court did not err by refusing to quash Count 3 of either accusation.

3. The trial court did not err in overruling defendants' motion to sever. Since none of the factors listed in *Jones v. State,* 253 Ga. 640, 641 (2) (322 SE2d 877) (1984), are present in the case sub judice we find no abuse of the trial court's discretion. See also *Magouirk v. State,* 158 Ga. App. 517 (2) (281 SE2d 283) (1981), and *Griggs v. State,* 181 Ga. App. 618, 619 (5) (353 SE2d 97) (1987).

4. Defendants' fourth enumeration of error complains that their sentences are improper, that they are "draconian" when compared to the sentence of Cox, who pled guilty, and that the sentences amount to a sanction of defendants for exercising their right to jury trial. "It

is within the sound discretion of the trial court to sentence within the limits allowed by law; the sentence of one joint defendant is irrelevant in the sentencing of the other." *Hamilton v. State*, 180 Ga. App. 197, 198 (3) (348 SE2d 735) (1986). See also *Davis v. State*, 180 Ga. App. 573, 575 (5) (349 SE2d 805) (1986), and *Endsley v. State*, 184 Ga. App. 797, 799 (7) (363 SE2d 1) (1987). This enumeration is without merit.

5. Defendants, in their fifth enumeration of error, assert a fatal variance between the allegations of Count 3 of each accusation charging hunting upon a public road known as County Line Road (see OCGA § 27-3-10) and the proof adduced at trial. The defendants were arrested on Line Creek Road. There was evidence that Line Creek Road was also known as County Line Road. However, further evidence was adduced that other public roads in the county were also known as County Line Road, thus disclosing some latent ambiguity as to the location of the alleged offense. However, since the exact location is not a material element of the offense of hunting upon a public road, the accusation, by charging that the offense was committed in Spalding County, is sufficiently certain. *Russell v. State*, 174 Ga. App. 436 (1) (330 SE2d 175) (1985). This enumeration of error is without merit.

6. Defendants' sixth enumeration of error contends the trial court erred in admitting into evidence the guilty plea of Cox for purposes of impeachment. At trial defendants' objection was followed by colloquy between court and counsel. Our examination of the transcript of this colloquy reveals no reference to the confrontation clause issues argued by defendants on appeal. As the grounds argued by defendants on appeal were not raised before the trial court and are raised for the first time on appeal, the failure to object at trial constitutes a waiver of the issue raised by this enumeration of error. *Price v. State*, 142 Ga. App. 504, 505 (2) (236 SE2d 178) (1977).

7. The trial court did not err in failing to define in its charge "hunting," a word of common meaning and understanding. *Smith v. State*, 249 Ga. 228, 229 (2) (290 SE2d 43) (1982); *Garvey v. State*, 176 Ga. App. 268, 273 (5) (335 SE2d 640) (1985).

Lastly, defendants contend the trial court's instructions were misleading in that the jury was instructed that it was its "duty" to convict defendants if the requisite level of proof was found. The trial court charged: "If you believe beyond a reasonable doubt . . . that he is guilty . . . then it would be *your duty or you would be authorized* to convict him of any of those charges of which you find him guilty under these instructions." (Emphasis supplied.) The trial court's reference to duty to convict was obviously a slip of the tongue, which the trial court corrected immediately. We do not believe the jury was misled or confused by the trial court's slip of the tongue and its immedi-

ate correction. Considered in the light of the entire charge the slip of the tongue was harmless. *Payne v. State*, 171 Ga. App. 150 (2) (318 SE2d 826) (1984).

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Benham, J., concur.*

DECIDED JUNE 30, 1988 —
REHEARING DENIED JULY 11, 1988 —

*Virgil L. Brown*, for appellants.
*John T. Newton, Jr., Solicitor*, for appellee.