A89A1976. MALLARINO v. THE STATE.
(390 SE2d 114)

CARLEY, Chief Judge.

Appellant was tried before a jury and found guilty of trafficking in cocaine, in that he "did actually possess and bring into the State of Georgia an amount of cocaine greater than 28 grams." Appellant appealed to this court and, although his conviction was affirmed, he successfully urged that he had been erroneously sentenced to 25 years and a $500,000 fine pursuant to the mandatory minimum sentencing provisions of then-existing OCGA § 16-13-31 (a) (1) (C). *Mallarino v. State*, 190 Ga. App. 398, 399 (1) (379 SE2d 210) (1989). Accordingly, appellant's sentence was reversed and the case was remanded for "a

sentencing rehearing. In such proceedings, the trial judge shall consider as operative the mandatory minimum sentence requirements of [then-existing] OCGA § 16-13-31 (a) (1) (A), and the maximum sentence as that authorized by [then-existing] OCGA § 16-13-31 (f). [Cit.]" *Mallarino v. State*, supra at 400 (1). In compliance with this directive, the trial court did conduct a resentencing hearing, but again imposed a sentence of 25 years and a $500,000 fine. Appellant appeals from this sentence.

Contrary to appellant's assertions, his current sentence is no "harsher" than that which was originally imposed. The current sentence of 25 years and a $500,000 fine is exactly the same as that which was originally imposed. The decisive difference is that appellant's current sentence has been lawfully imposed pursuant to the applicable provisions of former OCGA § 16-13-31 (a) (1) (A) and former OCGA § 16-13-31 (f), rather than erroneously imposed pursuant to the inapplicable provisions of former OCGA § 16-13-31 (a) (1) (C). Moreover, even if appellant's current sentence were "harsher," there would still be no error. "It has been repeatedly held that resentencing a prisoner to correct an illegal sentence does not implicate double jeopardy rights, even if the prisoner has already served part of his term. [Cits.]" *Stuckey v. Stynchcombe*, 614 F2d 75, 76 (5th Cir. 1980). The record clearly reflects that, in compliance with this court's directive, the trial court has imposed a sentence that is within the parameters of the applicable statutory provisions. That sentence must be affirmed. " 'This court is without authority to review sentences within the statutory range. (Cit.)' [Cit.]" *Endsley v. State*, 184 Ga. App. 797, 799 (7) (363 SE2d 1) (1987).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JANUARY 10, 1990.

*Glenn Zell*, for appellant.

*Jack O. Partain III, District Attorney, Todd L. Ray, Assistant District Attorney*, for appellee.