## A91A1354. WALKER v. THE STATE.
(411 SE2d 734)

POPE, Judge.

Defendant Charles Kelly Walker appeals his conviction for DUI and resulting sentence. We affirm.

1. Defendant first contends the trial court erred in failing to grant his motion for directed verdict because the State failed to prove the offense occurred in Hall County, Georgia, as alleged in the accusa-

tion. Our review of the transcript shows the evidence was more than sufficient to establish that the offense occurred in Hall County. Consequently, this enumeration is without merit.

2. Defendant next contends a fatal variance exists between the allegations of the accusation and the proof adduced at trial because the accusation stated that the offense occurred "upon that street and highway known as Winder Highway at Road Atlanta Race Track" and the undisputed evidence at trial showed that the offense occurred within the confines of Road Atlanta Race Track but not on Winder Highway. Again we find no merit to this contention. "The provisions of OCGA §§ 40-6-3 and 40-6-391 make it an offense to operate a motor vehicle under the influence of an intoxicant on the public highways and elsewhere in the State of Georgia. The exact location is not a material element of this offense and the [accusation] is sufficiently certain if it charges that the offense was committed in a particular county. *Flanders v. State*, 97 Ga. App. 779 (104 SE2d 538) (1958). *Felchlin v. State*, 159 Ga. App. 120 (1) (282 SE2d 743) (1981)." (Punctuation omitted.) *Russell v. State*, 174 Ga. App. 436, 437 (330 SE2d 175) (1985). Consequently, testimony that defendant committed the offense at Road Atlanta Race Track and not Winder Road at Road Atlanta Race Track "as alleged in the accusation was not a fatal variance since the exact location is not a material element of [the offense charged], and the accusation was sufficiently certain since it charged that the offense was committed in a particular county." *Endsley v. State*, 184 Ga. App. 797, 798 (1) (363 SE2d 1) (1987).

3. Defendant also argues that the State failed to prove he was under the influence of "intoxicating liquors" as alleged in the accusation because the evidence showed defendant had consumed 12 beers but no liquor at the time of his arrest. "Not every variance in proof from that alleged in the indictment is fatal." *Givens v. State*, 149 Ga. App. 83, 86 (253 SE2d 447) (1979). "The criterion is whether this variance misinformed or misled the defendant to his prejudice or leaves him subject to subsequent prosecution for the same offense." Id. See *De Palma v. State*, 225 Ga. 465 (3) (169 SE2d 801) (1969). Applying this test, the "variance" in this case clearly was not fatal. See *Jackson v. State*, 158 Ga. App. 702 (282 SE2d 181) (1981) (in which the defendant's conviction was upheld when the proof at trial showed the crime had been committed with a shotgun and not a pistol as alleged in the indictment). Consequently, we find no merit to this enumeration.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

Decided October 8, 1991 —
Reconsideration denied October 30, 1991 — 

*Virgil L. Brown & Associates, Virgil L. Brown, Eric D. Hearn, Bentley C. Adams III, Anne C. Allen,* for appellant.
*Jerry Rylee, Solicitor, Graham McKinnon IV, Assistant Solicitor,* for appellee.