858 So.2d 1112 (2003)
Gordon HOLCOMB, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-2922.
District Court of Appeal of Florida, Second District.
October 29, 2003.
Robert A. Herce of Herce & Herce, P.A., Tampa, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ann Pfeiffer Howe, Assistant Attorney General, Tampa, for Appellee.
SALCINES, Judge.
Gordon Holcomb entered a plea of no contest to a charge of scheming to defraud, reserving the right to appeal the denial of his motion to dismiss the charges against *1113 him based upon double jeopardy. We affirm.
Holcomb was originally charged by information with engaging in a scheme to defraud his employer, the Sarasota Ale House, involving property with an aggregate value of more than $50,000.[1] The information alleged that the offense was committed between June 1 and August 19, 1999. Subsequently, the State filed a first amended information which charged Holcomb with the same offense but revised the time frame the offense was alleged to have been committed to June 1 through August 19, 1998.[2]
A bench trial was commenced on September 15, 2000. The first witness was called by the State and testified about incidents which had occurred after the date she started her employment with the Sarasota Ale House in July 1999. Defense counsel objected because this testimony included incidents alleged to have occurred outside the dates set forth in the first amended information: June 1 through August 19, 1998. At that point, the State informed the trial court that there had been a scrivener's error and that the first amended information should have alleged the time frame of June 1, 1998, through August 19, 1999.
The State moved for leave to amend the information to include the expanded time frame. Defense counsel objected. Despite counsel's objection, the trial court granted leave for the State to amend the first amended information but continued the trial to April 9, 2001. The State filed the second amended information on October 3, 2000, which alleged that the offense was committed during the time frame of June 1, 1998, through August 19, 1999, and reduced the charge to allege the offense involved property with an aggregate value of more than $20,000 but less than $50,000.
On February 12, 2001, Holcomb filed a motion to dismiss. In his motion, Holcomb asserted that the filing of a second amended information after the nonjury trial had commenced acted as a nolle prosequi of the amended information. Holcomb argued that he now faced trial on new charges and new criminal acts after jeopardy had attached which was inconsistent with the principles of double jeopardy. The trial court denied the motion in an order entered on March 30, 2001.
A second continuance was granted on April 5, 2001, and on June 29, 2001, Holcomb entered a no contest plea to the lesser charge of scheme to defraud, less than $20,000, for the dates alleged in the second amended information: June 1, 1998, through August 19, 1999. In so doing, Holcomb reserved his right to appeal the denial of the motion to dismiss on the grounds of double jeopardy. At that time, the State stipulated that the amount taken by Holcomb was $3641, the amount reflected in Holcomb's signed, handwritten "confession."
Jeopardy attaches in a nonjury trial when the court begins to hear evidence. State v. T.D., 837 So.2d 551, 552 (Fla. 4th DCA 2003). In the present case, a witness was sworn and began to testify in the prosecution of the first amended information before the trial court granted the continuance. However, in a nonjury trial, double jeopardy protection does not bar resumption of the same proceeding after a continuance, as long as there was no prejudice *1114 to the accused. R.M. v. State, 603 So.2d 64, 65 (Fla. 3d DCA 1992). In the present case, Holcomb was not prejudiced.
The offense of scheming to defraud was a crime of a continuing nature. Cf. Young v. Moore, 820 So.2d 901, 902 (Fla.2002) (holding a scheme to defraud in violation of section 817.034(4)(a)1, Florida Statutes (1995), was a true continuing offense for the purposes of gaintime calculations). Holcomb's acts amounted to one offense. When the State once again amended the information, the time frame in which this single offense was committed was expanded. The second amended information did not add a new charge or change a substantive element of the offense charged. See Rivera v. State, 745 So.2d 343, 345 (Fla. 4th DCA 1999).
However, defense counsel must always be afforded an adequate opportunity to investigate and prepare any applicable defense to avoid prejudice. See Peevey v. State, 820 So.2d 422, 423 (Fla. 4th DCA 2002). The continuance was granted by the trial court on September 15, 2000. The second amended information was filed by the State on October 3, 2000. The trial was scheduled to recommence on April 9, 2001. The continuance period allowed sufficient time for Holcomb to develop his defense to the expanded time frame set forth in the second amended information for this single offense. We affirm the trial court's determination that Holcomb was not prejudiced by the amendment to the information. Accordingly, the judgment and sentence must be affirmed.
Affirmed.
ALTENBERND, C.J., and KELLY, J., Concur.
NOTES
[1] Section 817.034(4)(a)(1), Fla. Stat. (1999).
[2] Apparently, the State intended the first amended information to charge Holcomb with having engaged in a scheme to defraud during the time period of June 1, 1998, through August 19, 1999. Careful proof reading could have avoided this error.