## A03A1834. WILFORD v. THE STATE.
### (592 SE2d 923)

BARNES, Judge.

Charles Wilford, also known as Charles Ikori, appeals the trial court's resentencing of him for seven forgery counts. The trial court changed his sentence from 12 months in detention and 10 years probation under the First Offender Act to 10 years in prison followed by 25 years on probation. For the reasons that follow, we affirm.

Wilford was indicted on six felony forgery counts and one misdemeanor forgery count after a merchant called the police when Wilford offered to pay for goods with a check on a closed bank account and a suspicious-looking driver's license in someone else's name. The police discovered checks and identification in another name in Wilford's car, along with a receipt from another merchant. Further investigation revealed that Wilford had purchased goods from the second merchant using a false ID and checks. He pled guilty to all seven counts, and during his sentencing, the State and the trial judge questioned Wilford about whether he had been convicted of a felony in federal court under the name Charles Ikori, the name on a credit card also found in Wilford's car. Wilford assured the court that he had not been convicted of anything, that he had been arrested because the police "found some stuff on" a passenger in his car but his case was dismissed, and he never went back to court. When the trial court sentenced him, it said, "He can serve it under the First Offender with the understanding that if any of this information on the Federal sentence is proved otherwise, then that's a problem for him. That can revoke him on his First Offender here, and then he's looking at 65 years."

The State subsequently discovered that Wilford had been convicted of the crimes he had been questioned about (conspiracy to possess stolen mail, to commit credit card fraud, to transfer false identification documents, to falsely represent Social Security numbers, and to commit bank fraud), under the name Charles Ikori, and moved the court to set aside the sentence and resentence Wilford. At a hearing on the State's motion, Wilford's lawyer stipulated that Wilford had a prior felony conviction and was not eligible for treatment under the First Offender Act. After the State read into the record excerpts from the first sentencing in which Wilford flatly denied having been convicted of the federal charges, Wilford's attorney, who was not the attorney who represented him at the first sentencing, admitted that the allegations in the State's motion were true.

Defense counsel explained to the court that Wilford had served six months in federal detention, and then was deported to England. While in England, Wilford changed his name from Ikori, obtained a tourist visa to the United States under his new name, and returned

to Georgia to be with his wife and two small children. He was not "totally candid" with the court regarding the prior conviction because he knew he would be deported again after serving whatever sentence was imposed, and threw himself on the mercy of the court.

The trial court set aside the first sentence which was entered under Wilford's assurance that he qualified for first offender treatment, finding that it was void because he had a previous felony conviction. It then resentenced him to 35 years to serve 10, stating,

> Mr. Wilford, a lot of people come to this country both legally and illegally, but they don't necessarily do what you've done. They work hard and contribute to our society. You just came to sort of be a parasite. You have a good education. You could have contributed, but you wanted to take away from other people. And, you know, we really don't need those people in this country.

Wilford argues on appeal that the trial court erred in increasing his sentence after he began serving it, which is prohibited by the double jeopardy provision of the Fifth Amendment, citing *United States v. Benz*, 282 U. S. 304 (51 SC 113, 75 LE 354) (1931). In *United States v. DiFrancesco*, 449 U. S. 117 (101 SC 426, 66 LE2d 328) (1980), the Supreme Court noted that the *Benz* court's statement that a trial court may reduce but not increase a sentence during the same term of court was dicta. In considering whether a federal statute allowing the United States to appeal the sentence of a "dangerous special offender" constituted double jeopardy, the *DiFrancesco* court held,

> Although it might be argued that the defendant perceives the length of his sentence as finally determined when he begins to serve it, and that the trial judge should be prohibited from thereafter increasing the sentence, that argument has no force where, as in the dangerous special offender statute, Congress has specifically provided that the sentence is subject to appeal. Under such circumstances there can be no expectation of finality in the original sentence.

Id. at 139. This is also true under the Georgia First Offender Act which specifically authorizes the sentencing court to "enter an adjudication of guilt and proceed as otherwise provided by law" if the court determines that a defendant was not eligible for sentencing under the First Offender Act. OCGA § 42-8-60 (b).

Further, our law recognizes that " 'resentencing a prisoner to correct an illegal sentence does not implicate double jeopardy rights, even if the prisoner has already served part of his term. (Cits.)'

*Stuckey v. Stynchcombe*, 614 F2d 75, 76 (5th Cir. 1980)." *Mallarino v. State*, 194 Ga. App. 212, 213 (390 SE2d 114) (1990). As Wilford was not eligible for first offender treatment under OCGA § 42-8-60 (a) because he had been previously convicted of a felony, his sentence was unauthorized and illegal. Consequently, the trial court was authorized by OCGA § 42-8-60 (b) to "enter an adjudication of guilt and proceed as otherwise provided by law." See *Heard v. Gill*, 204 Ga. 261 (49 SE2d 656) (1948) (when the sentence imposed was void, a valid sentence may be imposed); *Mullins v. State*, 134 Ga. App. 243 (214 SE2d 1) (1975) ("[a] sentence entered in a criminal case which is unauthorized by law is a nullity and void").

Wilford can claim no expectation of finality in a sentence he procured by actively and repeatedly lying to the court. We have held that defendants waived their rights to argue the validity of their guilty pleas when they committed fraud on the court by lying about their first offender eligibility. See *McFadden v. State*, 243 Ga. App. 896, 898 (2) (534 SE2d 566) (2000); *Cunningham v. State*, 239 Ga. App. 889 (522 SE2d 480) (1999); *Johns v. State*, 223 Ga. App. 553, 555 (2) (479 SE2d 388) (1996). Wilford argues correctly that those cases do not address the propriety of resentencing a defendant who has begun serving a sentence. Wilford has waived his right to argue that issue on appeal, however, because he stipulated that the facts in the State's motion for resentencing hearing were correct, that his first offender sentence should be set aside, and that he should be resentenced. Therefore, we find no error.

*Judgment affirmed. Andrews, P. J., concurs. Adams, J., concurs in judgment only.*

DECIDED JANUARY 13, 2004 ▮

*Thomas E. Maddox, Jr.*, for appellant.
*David McDade, District Attorney, Jeffrey L. Ballew, Christopher R. Johnson, Assistant District Attorneys*, for appellee.