STATE OF NEBRASKA, APPELLEE, V.
KENNETH FURREY, APPELLANT.
708 N.W.2d 654

Filed January 20, 2006.   No. S-04-1158.

Bell Island, of Island, Huff & Nichols, for appellant.

Jon Bruning, Attorney General, and Susan J. Gustafson for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## NATURE OF CASE

Appellant, Kenneth Furrey, filed a plea in bar to an amended complaint, claiming that the amendment constituted a dismissal of the prior proceedings in which jeopardy had allegedly attached. Furrey claimed the amended complaint was an attempt to retry him in violation of the principles of double jeopardy. The county court overruled the plea in bar, and that determination was summarily affirmed by the district court and the Nebraska Court of Appeals. See *State v. Furrey*, 13 Neb. App. xl (No. A-04-1158, July 27, 2005). For the reasons that follow, we affirm the judgment of the Court of Appeals.

## BACKGROUND

On July 9, 2003, Furrey was charged in Scotts Bluff County Court with driving under the influence. The complaint was filed by the special city attorney for the city of Scottsbluff, Nebraska, and asserted that Furrey was within the corporate limits of the city of Scottsbluff at the time of his unlawful operation of the vehicle and was in violation of Scottsbluff ordinance No. 3674, § 22-5-1, a Class W misdemeanor. The complaint also alleged that the unlawful operation occurred on June 29, 2003, and that Furrey did operate or have actual physical control of a motor vehicle upon a highway or anywhere throughout the state, except private property not open to public access, while under

the influence of drugs or alcohol or when he had a concentration of .08 of 1 gram or more by weight of alcohol per 210 liters of his breath.

Furrey appeared for a bench trial on October 7, 2003. The State called its first witness, who was duly sworn. However, prior to any examination of the witness, the prosecutor looked at the file and noticed that the complaint charged Furrey's conduct as having occurred in the city of Scottsbluff. Since Furrey had actually been stopped in Terrytown, Nebraska, which is not in the city limits of Scottsbluff, the prosecutor asked for leave to file an amended complaint. Furrey objected to the filing of an amended complaint, explaining that if the prosecution wanted, it could dismiss the original complaint with prejudice. The court granted leave to amend, and it also granted Furrey a continuance and leave to withdraw his previous plea. The amended complaint was identical to the original complaint except that it was brought by the Deputy Scotts Bluff County Attorney, it replaced "within the corporate limits of the City of Scottsbluff" with "in Scotts Bluff County," and its heading replaced the reference to the city ordinance with a citation to Neb. Rev. Stat. § 60-6,196(2)(a) (Cum. Supp. 2002).

Furrey filed a plea in bar to the amended complaint, which was overruled by the county court. Furrey appealed to the district court, which affirmed the county court's ruling. The Court of Appeals summarily affirmed the district court's ruling, and we granted Furrey's petition for further review.

## ASSIGNMENT OF ERROR

In his petition for further review, Furrey assigns that the Court of Appeals erred in sustaining the State's motion for summary affirmance.

## STANDARD OF REVIEW

■ Issues regarding the grant or denial of a plea in bar are questions of law. *State v. Spotts*, 257 Neb. 44, 595 N.W.2d 259 (1999).

■ On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. *State v. Contreras*, 268 Neb. 797, 688 N.W.2d 580 (2004).

## ANALYSIS

■ The crux of Furrey's argument is that the amended complaint against him violated the principles of double jeopardy. The 5th Amendment to the U.S. Constitution, which is made applicable to the states through the 14th Amendment, provides in part: "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb." Neb. Const. art. I, § 12, provides: "No person shall . . . be twice put in jeopardy for the same offense." The Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution and article I, § 12, of the Nebraska Constitution protects an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense. *State v. Marshall*, 269 Neb. 56, 690 N.W.2d 593 (2005).

■ Under Neb. Const. art. I, § 12, jeopardy attaches when a judge, hearing a case without a jury, begins to hear evidence as to the guilt or innocence of the defendant. *State v. Contreras, supra*. However, the double jeopardy provision of the Fifth Amendment does not mean that every time a defendant is put to trial before a competent tribunal, he or she is entitled to go free if the trial fails to end in a final judgment. *State v. Bostwick*, 222 Neb. 631, 385 N.W.2d 906 (1986). In a given case, the constitutional Double Jeopardy Clause bars retrial in a criminal prosecution only where (1) jeopardy has attached in a prior criminal proceeding, (2) the defendant is being retried for the same offense prosecuted in that prior proceeding, and (3) the prior proceeding has terminated jeopardy. *Id.* Furrey argues that jeopardy attached under the first complaint when the first witness was sworn; that the amendment of the complaint effectuated a dismissal of the first proceeding, thereby terminating the jeopardy; and that the amended complaint was an attempt to retry Furrey for the same offense prosecuted in the prior proceeding.

■ We conclude that the amended complaint did not violate the principles of double jeopardy because the case presents a single proceeding. In other words, jeopardy was not terminated in a prior proceeding, nor was there a retrial. It is clear that the concept of double jeopardy applies only in successive prosecution cases and does not apply to a single trial where the defendant has been put in jeopardy only once. See *State v. Nesbitt*, 264 Neb.

612, 650 N.W.2d 766 (2002). As explained below, whether an amended complaint or information constitutes a continuation of a single trial depends on the nature of the amendment.

We have held on numerous occasions that the trial court, at its discretion, may permit an amendment of the information before the verdict or findings, provided no additional or different offense is charged and the substantial rights of the defendant are not prejudiced. See, *State v. Smith*, 269 Neb. 773, 696 N.W.2d 871 (2005); *State v. Gutierrez*, 260 Neb. 1008, 620 N.W.2d 738 (2001); *State v. Silvers*, 260 Neb. 831, 620 N.W.2d 73 (2000); *State v. Aldrich*, 226 Neb. 645, 413 N.W.2d 639 (1987). In contrast, we have held that an amended complaint or information which charges a different crime, without charging the original crime, constitutes an abandonment of the first complaint or information and acts as a dismissal of the same. *State v. Karch*, 263 Neb. 230, 639 N.W.2d 118 (2002). The purpose of an information is to advise the defendant of the nature and cause of the accusation against him or her in order that the defendant may meet the accusation and prepare for trial and that, after judgment, the defendant may be able to plead the record and judgment in bar of further prosecution for the same offense. *State v. Martinez*, 250 Neb. 597, 550 N.W.2d 655 (1996).

In *State v. Thielen*, 216 Neb. 119, 342 N.W.2d 186 (1983), we held that it was not error for the trial court to allow amendment of a criminal information by changing the statute number under which the defendant was charged. While the first information set forth the incorrect statute number, the language of the information otherwise set out a violation of the statutory provision later inserted by the amendment. We concluded that the information did not change the offense charged and that the defendant was never misled as to the charge against him. We reasoned that where the language clearly set out the elements of the crime charged, the actual language of the crime charged in the information controlled over a reference to an incorrect statute number.

Applying these principles, courts in other jurisdictions have commonly permitted amendments to complaints to correct an error with respect to the location of the alleged offense. In *Holcomb v. State*, 858 So. 2d 1112 (Fla. App. 2003), the court

rejected the argument that an amendment of the information after trial was commenced, changing the year of the alleged crime and the amount of the property involved, acted as a nolle prosequi of the prior information. Therefore, the principles of double jeopardy did not prohibit trial on the amended information's new charges and new criminal acts. The court found that the amended information did not add a new charge or change a substantive element of the offense charged. Nor did the court find any prejudice in allowing the amendment when the trial court had granted a continuance to afford the defendant an adequate opportunity to investigate and prepare any applicable defense. *Id.*

In *Felchlin v. State*, 159 Ga. App. 120, 282 S.E.2d 743 (1981), the court upheld the trial court's allowance, after the jury had been sworn, of an amendment to a driving under the influence of alcohol charge to correct the name of the street in which the offense was alleged to have occurred. The court noted that the amendment was not a matter of substance because the exact location was not a material element of the offense. Rather, the court found that the accusation was sufficiently certain if it charged the statutory elements of the offense and charged that the offense was committed in a particular county. The amendment was thus likewise concluded to not be of a kind as would have prejudiced the defendant. *Id.* See, also, *Johnson v. State*, 55 Ark. App. 117, 932 S.W.2d 347 (1996) (nature or degree of driving while intoxicated offense was not changed by amendment changing name of county where committed); *Morris v. State*, 273 Ind. 614, 406 N.E.2d 1187 (1980) (changing location in information was merely amendment to immaterial defect); *Markoff v. State*, 553 N.E.2d 194 (Ind. App. 1990) (amending information to change name of building that burglary defendant had allegedly entered unlawfully was merely one of form and was not error where defendant had failed to specify any way in which he was prejudiced by amendment); *State v. Hyder*, 100 N.C. App. 270, 396 S.E.2d 86 (1990) (substituting name of county from which indictment was issued did not substantially alter charge); *State v. Brean*, 136 Vt. 147, 385 A.2d 1085 (1978) (amendment of information during trial changing state and county of offense did not change nature of offense or prejudice defendant's substantial rights).

Here, the first complaint correctly stated all of the statutory elements of the offense. It was brought before the judge of the county in which the offense was allegedly committed, and it described the offense as a Class W misdemeanor. In fact, other than the correction that Furrey was simply within the county and not within the city limits; the setting forth that the deputy county attorney, rather than the special city attorney, was bringing forth the complaint; and the citation to § 60-6,196(2)(a) as the offense, rather than the city ordinance, the two complaints are identical. Despite the fact that Furrey never alleged that he had been prejudiced or misled by the errors of the original complaint, the county court granted Furrey a continuance and allowed him to withdraw his prior plea. Under these circumstances, it cannot be said that the amended complaint either changed the offense charged or prejudiced Furrey's substantial rights. Thus, there was no error in allowing the amended complaint, and the amendment was simply a continuation of a single trial. It did not effectuate a dismissal of the prior proceedings or an attempt to place Furrey in jeopardy twice for the same offense. Thus, the county court correctly overruled Furrey's plea in bar, and the district court and Court of Appeals did not err in affirming the county court's ruling.

Furrey has argued that the district court erred in relying on Neb. Rev. Stat. § 29-2018 (Reissue 1995) as allowing the amendment to the complaint against him. Furrey asserts that § 29-2018 is either inapplicable or unconstitutional. We have already concluded, independent of § 29-2018, that the court was correct in permitting the amended complaint and that the amendment did not violate the principles of double jeopardy. Accordingly, we need not address Furrey's argument that the district court erred in its reasoning.

## CONCLUSION

The judgment of the Court of Appeals is affirmed.

AFFIRMED.