Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/24/2023 09:06 AM CDT

State of Nebraska, appellant, v.
Maylesha S. Lewis, appellee.

___ N.W.2d ___

Filed March 24, 2023.    No. S-22-324.

1. **Pleadings.** Issues regarding the grant or denial of a plea in bar are questions of law.
2. **Evidence: Appeal and Error.** On a question of law, an appellate court reaches a conclusion independent of the court below.
3. **Double Jeopardy.** The Double Jeopardy Clauses of the U.S. and Nebraska Constitutions are coextensive and protect against three distinct abuses: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense.
4. ____. Double jeopardy principles do not bar a successive prosecution in those situations where the State was unable to proceed on the more serious charge at the outset because the additional facts necessary to sustain that charge had not yet occurred at the time of the prosecution for the first offense.
5. **Double Jeopardy: Appeal and Error.** In exception proceedings, application of Neb. Rev. Stat. § 29-2316 (Reissue 2016), by its terms, turns on whether the defendant has been placed in jeopardy in the trial court, not on whether the Double Jeopardy Clause bars further action.
6. **Double Jeopardy: Juries: Evidence: Pleas.** In Nebraska, legal jeopardy attaches (1) in a case tried to a jury, when the jury is impaneled and sworn; (2) when a judge, hearing a case without a jury, begins to hear evidence as to the guilt of the defendant; or (3) at the time the trial court accepts the defendant's guilty plea.

Appeal from the District Court for Douglas County: Peter C. Bataillon, Judge. Exception sustained, order reversed, and cause remanded for further proceedings.

Ryan Lindberg, Deputy Douglas County Attorney, and Hannah Henry and Zachary Severson, Senior Certified Law Students, for appellant.

Thomas C. Riley, Douglas County Public Defender, and Jessica C. West for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Stacy, J.

Maylesha S. Lewis was convicted and sentenced for driving under the influence resulting in serious bodily injury[1] after crashing into a light pole and injuring her passenger. The passenger later died from injuries sustained in the collision, and Lewis was charged with motor vehicle homicide while operating a vehicle under the influence.[2] Lewis filed a plea in bar to the subsequent charge, asserting she was being prosecuted a second time for the same offense in violation of her double jeopardy rights. The district court agreed and dismissed the subsequent prosecution.

The State filed this exception proceeding assigning error to the district court's double jeopardy analysis. We sustain the exception, reverse the order granting the plea in bar, and remand the cause for further proceedings.

## I. BACKGROUND

On October 11, 2020, Lewis was operating a vehicle in Omaha, Nebraska, when she left the roadway and collided with a light pole. A passenger in Lewis' vehicle, Thomas Martin, was severely injured in the collision. Lewis admitted she had consumed alcohol and smoked marijuana before

---

[1] See Neb. Rev. Stat. § 60-6,198 (Reissue 2021).

[2] See Neb. Rev. Stat. § 28-306(3)(b) (Reissue 2016).

the collision. Chemical testing after the collision showed her blood alcohol content was well above the legal limit.

### 1. 2020 Prosecution

A few days after the October 11, 2020, collision, Lewis was charged with the Class IIIA felony offense of driving under the influence resulting in serious bodily injury, in violation of § 60-6,198. For ease of reference, this opinion refers to the offense as "DUI/serious bodily injury." Lewis initially entered a plea of not guilty, but later pled guilty to the offense as charged. At the change of plea hearing, the State's factual basis recited that Martin had been transported from the collision scene with "life-threatening" injuries and remained hospitalized in a coma. The court accepted Lewis' guilty plea and set the matter for sentencing.

On March 22, 2021, Lewis was sentenced to a 30-month term of incarceration followed by 18 months of post-release supervision, as well as a 5-year license revocation with the option of obtaining an "interlock" device. On the date Lewis was sentenced, Martin remained hospitalized in a persistent vegetative state.

Martin died several months later. For purposes of this appeal, the parties do not dispute that he died as a result of injuries sustained in the October 11, 2020, collision.

### 2. 2021 Prosecution

On December 20, 2021, the State charged Lewis with the Class IIA felony offense of motor vehicle homicide in violation of § 28-306(3)(b). The information was filed directly in the district court and alleged that on October 11, 2020, Lewis caused the death of Martin while engaged in the unlawful operation of a motor vehicle while under the influence in violation of Neb. Rev. Stat. § 60-6,196 (Reissue 2021). For ease of reference, this opinion refers to the charged offense as "motor vehicle homicide/DUI."

At arraignment, Lewis filed a plea in bar alleging the subsequent prosecution was barred by the Double Jeopardy Clause of the U.S. and Nebraska Constitutions. The court conducted an evidentiary hearing on the plea in bar and received exhibits, including (1) police reports regarding the October 11, 2020, collision; (2) certified copies of the criminal informations filed in the 2020 and 2021 prosecutions; and (3) a certified transcript of the change of plea hearing and the sentencing hearing in the prior prosecution for DUI/serious bodily injury.

In an order entered March 30, 2022, the district court sustained Lewis' plea in bar. It applied the test from *Blockburger v. United States*[3] and concluded that, for double jeopardy purposes, the crimes of DUI/serious bodily injury and motor vehicle homicide/DUI were the "same offense." More specifically, the court concluded the crime of DUI/serious bodily injury was a lesser-included offense of motor vehicle homicide/DUI, reasoning it would be impossible to cause death without simultaneously causing serious bodily injury. The court thus concluded that the offense of motor vehicle homicide/DUI did not require proof of a fact the offense of DUI/serious bodily injury did not and that the second prosecution was barred by double jeopardy under the *Blockburger* test.

The court granted the State's request for leave to docket exception proceedings pursuant to Neb. Rev. Stat. § 29-2315.01 (Cum. Supp. 2022), and the State filed a timely notice of appeal. We granted the State's petition to bypass the Nebraska Court of Appeals.

## II. ASSIGMENTS OF ERROR

The State assigns, consolidated and restated, that the district court erred in (1) applying the *Blockburger*[4] test to

---

[3] *Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932).

[4] See *id.*

analyze Lewis' double jeopardy claim and (2) granting the plea in bar.

## III. STANDARD OF REVIEW

[1,2] Issues regarding the grant or denial of a plea in bar are questions of law.[5] On a question of law, an appellate court reaches a conclusion independent of the court below.[6]

## IV. ANALYSIS

### 1. Double Jeopardy

The Fifth Amendment to the U.S. Constitution provides in relevant part that no person shall be "subject for the same offence to be twice put in jeopardy of life or limb." Similarly, article I, § 12, of the Nebraska constitution provides, "No person shall be . . . twice put in jeopardy for the same offense."

[3] We have recognized that the Double Jeopardy Clauses of the U.S. and Nebraska Constitutions are coextensive and protect against three distinct abuses: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense.[7]

Lewis' plea in bar claims the charge of motor vehicle homicide/DUI is a second prosecution for the same offense after conviction. In other words, she contends that her 2020 conviction for DUI/serious bodily injury and her 2021 prosecution for motor vehicle homicide/DUI are the "same offense" for purposes of the prohibition against double jeopardy.

Lewis contends the district court correctly analyzed her double jeopardy claim using the test announced by the U.S.

---

[5] *State v. Bedolla*, 298 Neb. 736, 905 N.W.2d 629 (2018); *State v. Lavalleur*, 298 Neb. 237, 903 N.W.2d 464 (2017).

[6] *Id*.

[7] See, *Blockburger, supra* note 3; *State v. Sierra*, 305 Neb. 249, 939 N.W.2d 808 (2020); *State v. Winkler*, 266 Neb. 155, 663 N.W.2d 102 (2003).

Supreme Court in *Blockburger*.[8] One of the State's arguments on appeal is that instead of *Blockburger*, the district court should have applied the double jeopardy framework from the U.S. Supreme Court case of *Diaz v. United States*.[9] To consider these arguments, we summarize pertinent holdings from both cases.

### (a) *Blockburger*

In *Blockburger,* the Court held that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."[10] Courts generally apply the *Blockburger* "same elements" test whether the double jeopardy claim asserted is multiple punishment for the same offense or successive prosecution for the same offense.[11] As stated, the district court here applied the *Blockburger* test and concluded the crime of DUI/ serious bodily injury was the same offense as the crime of motor vehicle homicide/DUI; thus, the 2021 prosecution was barred by double jeopardy.

The State argues that the test from *Blockburger* is not applicable here for two reasons. First, it contends the Legislature intended to treat DUI/serious bodily injury and motor

---

[8] See *Blockburger, supra* note 3.

[9] *Diaz v. United States*, 223 U.S. 442, 32 S. Ct. 250, 56 L. Ed. 500 (1912).

[10] *Blockburger, supra* note 3*,* 284 U.S. at 304.

[11] See, *Brown v. Ohio*, 432 U.S. 161, 166, 97 S. Ct. 2221, 53 L. Ed. 2d 187 (1977) ("[i]f two offenses are the same under [*Blockburger*] for purposes of barring consecutive sentences at a single trial, they necessarily will be the same for purposes of barring successive prosecutions"). Accord, *Winkler, supra* note 7 (applying *Blockburger* test to successive prosecution claim); *State v. Huff*, 282 Neb. 78, 802 N.W.2d 77 (2011) (applying *Blockburger* test to cumulative punishment claim).

vehicle homicide/DUI as separate offenses[12] because the statutes defining such crimes expressly provide: "The crime punishable under this section shall be treated as a separate and distinct offense from any other offense arising out of acts alleged to have been committed while the person was in violation of this section."[13] Alternatively, the State argues the appropriate double jeopardy analysis is found in the U.S. Supreme Court's opinion in *Diaz*,[14] not *Blockburger.* The State also argues that even if *Blockburger* provides the proper test, the district court's *Blockburger* reasoning was flawed.

Although the parties devote much of their appellate briefing to whether, under the *Blockburger* test, the crime of DUI/ serious bodily injury is a lesser-included offense of motor vehicle homicide/DUI, we do not find it necessary to address that question.[15] Instead, on the circumstances of this case, we agree the double jeopardy framework from *Diaz* governs our analysis.

---

[12] See, e.g., *Garrett v. United States*, 471 U.S. 773, 778, 105 S. Ct. 2407, 85 L. Ed. 2d 764 (1985) (plurality disregards *Blockburger* in successive prosecution case and holds "[w]here the same conduct violates two statutory provisions, the first step in the double jeopardy analysis is to determine whether the legislature—in this case Congress—intended that each violation be a separate offense"); *Albernaz v. United States*, 450 U.S. 333, 101 S. Ct. 1137, 67 L. Ed. 2d 275 (1981) (treating *Blockburger* as method to ascertain legislative intent when nothing more concrete is available). Accord *Missouri v. Hunter*, 459 U.S. 359, 368-69, 103 S. Ct. 673, 74 L. Ed. 2d 535 (1983) (stating where "legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the 'same' offense under *Blockburger*, a court's task of statutory construction is at an end").

[13] § 28-306(4); § 60-6,198(4).

[14] See *Diaz, supra* note 9.

[15] See *State v. Huston*, 298 Neb. 323, 903 N.W.2d 907 (2017) (appellate court not obligated to engage in analysis not necessary to adjudicate case and controversy before it).

## (b) *Diaz*

In *Diaz*, the defendant physically attacked the victim and was convicted and sentenced for misdemeanor assault and battery. The victim later died from his injuries, and the defendant was then prosecuted for homicide. After filing an unsuccessful plea in bar asserting the successive prosecution was barred by double jeopardy, the defendant was convicted and sentenced for homicide. He appealed to the Supreme Court of the Philippines, where the conviction was affirmed.

The U.S. Supreme Court, applying a provision in federal law which it had previously construed to extend to the Philippines the same protection against double jeopardy as afforded by the U.S. Constitution,[16] concluded the homicide prosecution was not barred by double jeopardy. It reasoned:

> The homicide charged against the accused in the Court of First Instance and the assault and battery for which he was tried before the justice of the peace, although identical in some of their elements, were distinct offenses both in law and in fact. The death of the injured person was the principal element of the homicide, but was no part of the assault and battery. At the time of the trial for the latter the death had not ensued, and not until it did ensue was the homicide committed. Then, and not before, was it possible to put the accused in jeopardy for that offense. . . . It follows that the plea of former jeopardy disclosed no obstacle to the prosecution for homicide.[17]

*Diaz* was decided before *Blockburger*, but the Court has regularly described *Diaz* as an exception to the general double jeopardy rule forbidding successive prosecution for a greater offense after prosecuting a lesser-included offense.

---

[16] See *Gavieres v. United States*, 220 U.S. 338, 31 S. Ct. 421, 55 L. Ed. 489 (1911), citing *Kepner v. United States*, 195 U.S. 100, 24 S. Ct. 797, 49 L. Ed. 114 (1904).

[17] *Diaz, supra* note 9, 223 U.S. at 448-49.

For instance, in *Brown v. Ohio*,[18] the Supreme Court recited the general rule that the Double Jeopardy Clause forbids successive prosecution and cumulative punishment for the same offense, but added a footnote citing *Diaz* for the proposition that "[a]n exception may exist where the State is unable to proceed on the more serious charge at the outset because the additional facts necessary to sustain that charge have not occurred or have not been discovered despite the exercise of due diligence."[19] Similarly, in *Jeffers v. United States*,[20] the Supreme Court cited *Diaz* for the proposition that the general double jeopardy rule "does have some exceptions" and "[o]ne commonly recognized exception is when all the events necessary to the greater crime have not taken place at the time the prosecution for the lesser is begun."

Several legal commentators also describe *Diaz* as an exception to the general rule forbidding successive prosecution for a greater offense after prosecuting a lesser-included offense.[21] One treatise cites *Diaz* for the following proposition:

---

[18] *Brown, supra* note 11.

[19] *Id.*, 432 U.S. at 169, n.7.

[20] *Jeffers v. United States*, 432 U.S. 137, 151, 97 S. Ct. 2207, 53 L. Ed. 2d 168 (1977). See, also, *Blackledge v. Perry*, 417 U.S. 21, 29, n.7, 94 S. Ct. 2098, 40 L. Ed. 2d 628 (1974) ("[t]his would clearly be a different case if the State had shown that it was impossible to proceed on the more serious charge at the outset, as in *Diaz*. . . . Obviously, it would not have been possible for the authorities in *Diaz* to have originally proceeded against the defendant on the more serious charge, since the crime of homicide was not complete until after the victim's death").

[21] See, 5 Wayne R. LaFave et al., Criminal Procedure § 17.4(b) (4th ed. (2015)); 2 Nancy Hollander et al., Wharton's Criminal Procedure § 11:7 (14th ed. (2017)) (double jeopardy does not bar successive prosecution where State unable to proceed on more serious charge at outset because facts necessary to sustain that charge have not occurred). See, also, 22A C.J.S. *Criminal Procedure and Rights of Accused* § 650 (2016) (double jeopardy not implicated where fact necessary for prosecution of subsequent offense had not occurred at time of first prosecution).

Even though the general double jeopardy rule bars separate criminal prosecutions for the same offense, one exception that exists is for those situations where the State is unable to proceed on the more serious charge at the outset because the additional facts necessary to sustain that charge have not yet occurred or have not been discovered despite the exercise of due diligence. In those circumstances, the courts permit a successive prosecution.[22]

Consistent with these authorities, other state and federal courts have applied *Diaz* to factual circumstances very similar to the one before us and found no double jeopardy violation.[23] These courts generally hold that double jeopardy principles do not bar a subsequent prosecution when the State was unable to proceed on the more serious charge at the outset because the additional facts necessary to sustain that charge

---

[22] 2 Hollander et al., *supra* note 21, § 11:7 at 11-59 to 11-60 (internal quotation marks omitted).

[23] See, *Mitchell v. Cody*, 783 F.2d 669 (6th Cir. 1986) (convictions for driving while intoxicated and disregarding stop sign before victim died no bar to subsequent charge of unlawful killing in operation of motor vehicle); *State v. Hutchinson*, 156 N.H. 790, 942 A.2d 1289 (2008) (double jeopardy no bar to prosecution for murder after attempted murder conviction before victim died); *People v. Scott*, 15 Cal. 4th 1188, 939 P.2d 354, 65 Cal. Rptr. 2d 240 (1997) (prior conviction of rape and attempted murder no bar to murder prosecution when victim died in interim); *People v. Harding*, 443 Mich. 693, 506 N.W.2d 482 (1993) (prior conviction of armed robbery and assault with intent to murder no bar to felony murder prosecution where victim died in interim), *abrogated on other grounds, People v. Ream*, 481 Mich. 223, 750 N.W.2d 536 (2008); *Hinton v. District Court of Oklahoma County*, 693 P.2d 1277 (Okla. Crim. 1984) (prior child abuse conviction no bar to murder prosecution where child died in interim), *overruled on other grounds, White v. State, ex rel. Hopper*, 821 P.2d 378 (Okla. Crim. 1991); *State v. Mitchell*, 682 S.W.2d 918 (Tenn. 1984) (conviction for traffic offenses no bar to motor vehicle homicide prosecution where victim died in interim).

had not yet occurred at the time of the prosecution for the first offense.[24]

[4] We now join those jurisdictions applying the *Diaz* exception and hold that double jeopardy principles do not bar a successive prosecution in those situations where the State was unable to proceed on the more serious charge at the outset because the additional facts necessary to sustain that charge had not yet occurred at the time of the prosecution for the first offense.

The *Diaz* exception applies here. At the time Lewis was charged and convicted for DUI/serious bodily injury, Martin was seriously injured but still alive. Because Martin's death was a necessary element of the offense of motor vehicle homicide/DUI, the State was not able to bring the more serious charge at the time it prosecuted Lewis for DUI/serious bodily injury. Under *Diaz*, double jeopardy permits the State to prosecute Lewis for the more serious offense of motor vehicle homicide/DUI, despite having previously convicted her of DUI/serious bodily injury.

We thus conclude the district court erred in granting Lewis' plea in bar, and we sustain the State's exception. We turn next to the effect of this decision.

## 2. Effect of Decision in Exception Proceeding

This appeal was brought by the State pursuant to § 29-2315.01, which authorizes the prosecuting attorney to "take exception to any ruling or decision of the court made during the prosecution of a cause" by following a specific procedure. Our record shows the statutory procedure was followed here, and Lewis does not contend otherwise.

But in exception proceedings, not every decision of the appellate court can affect the defendant. According to Neb. Rev. Stat. § 29-2316 (Reissue 2016):

---

[24] See *id.*

The judgment of the court in any action taken pursuant to section 29-2315.01 shall not be reversed nor in any manner affected when the defendant in the trial court has been placed legally in jeopardy, but in such cases the decision of the appellate court shall determine the law to govern in any similar case which may be pending at the time the decision is rendered or which may thereafter arise in the state. When the decision of the appellate court establishes that the final order of the trial court was erroneous and the defendant had not been placed legally in jeopardy prior to the entry of such erroneous order, the trial court may upon application of the prosecuting attorney issue its warrant for the rearrest of the defendant and the cause against him or her shall thereupon proceed in accordance with the law as determined by the decision of the appellate court.

[5,6] We have explained that application of § 29-2316, by its terms, turns on whether the defendant has been placed in jeopardy in the trial court, not on whether the Double Jeopardy Clause bars further action.[25] In Nebraska, jeopardy attaches (1) in a case tried to a jury, when the jury is impaneled and sworn; (2) when a judge, hearing a case without a jury, begins to hear evidence as to the guilt of the defendant; or (3) at the time the trial court accepts the defendant's guilty plea.[26]

Here, exception proceedings followed from an order granting Lewis' plea in bar. As such, none of the events triggering legal jeopardy have yet occurred. Because jeopardy has not yet attached,[27] we sustain the State's exception, and we also reverse the order granting the plea in bar and remand the cause for further proceedings.

---

[25] *State v. Jedlicka*, 305 Neb. 52, 938 N.W.2d 854 (2020).

[26] *Id*.

[27] See *id*. (holding defendant not placed in jeopardy when exception taken from district court order sustaining motion to quash).

## V. CONCLUSION

Pursuant to the *Diaz* exception, double jeopardy principles do not bar a successive prosecution in those situations where the State was unable to proceed on the more serious charge at the outset because the additional facts necessary to sustain that charge had not yet occurred. Because it was not possible for the State to have charged Lewis with motor vehicle homicide/DUI at the time she was being prosecuted for DUI/serious bodily injury, *Diaz* applies and the successive prosecution here does not violate double jeopardy.

We therefore sustain the State's exception, reverse the order granting the plea in bar, and remand the cause for further proceedings.

Exception sustained, order reversed, and
cause remanded for further proceedings.