RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 23a0191p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────────

TRAVIS SOTO,

                         *Petitioner-Appellant*,

    *v.*

BRIAN SIEFKER, Putnam County Sheriff,

                         *Respondent-Appellee*.

> No. 21-4229

─────────────────────

Appeal from the United States District Court for the Northern District of Ohio at Toledo.
No. 3:21-cv-00167—Donald C. Nugent, District Judge.

Argued:  June 15, 2023

Decided and Filed:  August 21, 2023

Before:  GRIFFIN, KETHLEDGE, and THAPAR, Circuit Judges.

─────────────────────

**COUNSEL**

**ARGUED:**  Sean A. Mirski, ARNOLD & PORTER KAYE SCHOLER LLP, Washington, D.C., for Appellant.  Michael J. Hendershot, OFFICE OF THE OHIO ATTORNEY GENERAL, Columbus, Ohio, for Appellee.  **ON BRIEF:**  Sean A. Mirski, R. Stanton Jones, Andrew T. Tutt, ARNOLD & PORTER KAYE SCHOLER LLP, Washington, D.C., Richard Kerger, THE KERGER LAW FIRM, LLC, Toledo, Ohio, Randall L. Porter, OFFICE OF THE OHIO PUBLIC DEFENDER, Columbus, Ohio, for Appellant.  Michael J. Hendershot, Benjamin M. Flowers, Jana M. Bosch, Brenda S. Leikala, OFFICE OF THE OHIO ATTORNEY GENERAL, Columbus, Ohio, Gary L. Lammers, PUTNAM COUNTY PROSECUTOR'S OFFICE, Ottawa, Ohio, for Appellee.  Derek C. Reinbold, KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C., Washington, D.C., Stephanie Franxman Kessler, PINALES, STACHLER, YOUNG & BURRELL CO., L.P.A., Cincinnati, Ohio, for Amicus Curiae.

       KETHLEDGE, J., delivered the opinion of the court in which GRIFFIN and THAPAR, JJ., joined.  GRIFFIN, J. (pg. 7), delivered a separate concurring opinion.

———————————

**OPINION**

———————————

KETHLEDGE, Circuit Judge.   Jeopardy attaches to an "offence," for purposes of the Double Jeopardy Clause, only when a court or jury has power to determine the defendant's guilt or innocence as to that "offence."   Here, an Ohio trial court dismissed a manslaughter charge against Travis Soto, pursuant to his agreement to plead guilty to another charge.   Ten years later, in connection with the same incident, the State charged Soto with murder.   We agree with the Ohio Supreme Court and the district court that the Double Jeopardy Clause does not bar that prosecution.

I.

In 2006, Travis Soto's wife called the police to report the death of their two-year-old son. At the time, Soto admitted that the child's death was his fault, but he described it as an accident: he said he had been driving an ATV around his property and had run over the toddler by mistake. The State of Ohio thereafter charged Soto with child endangerment and involuntary manslaughter.

Soto agreed to plead guilty to the child-endangerment charge in exchange for the State's agreement to dismiss the manslaughter charge.   The court accepted the plea and found Soto "guilty of a single count of child endangering."   The court dismissed the manslaughter charge and later sentenced Soto to five years' imprisonment.   He served that sentence and left prison in 2011.

In 2016, however, Soto went to the Putnam County Sheriff's Office and confessed that he had actually beaten his son to death.   Soto said he had punched the young boy in the face and stomach, "swung him around the floor, and just basically just really tortured the boy" until, eventually, the child stopped breathing.   R.12-1, PageID# 179–80.   Soto also admitted that he had staged the ATV accident to cover up his crime.

Given this confession, the State charged Soto with aggravated murder, murder, felonious assault, kidnapping, and tampering with evidence.   Soto pled not guilty and moved to dismiss the

murder charges under the Double Jeopardy Clause, arguing that the State had already put him in jeopardy for the lesser-included offense of manslaughter. The Ohio Supreme Court disagreed, holding in an interlocutory appeal that jeopardy had not attached to that charge because it had been "dismissed prior to the empaneling of a jury." *State v. Soto*, 139 N.E.3d 889, 891 ¶ 3 (Ohio 2019), *cert. denied sum nom.*, 141 S. Ct. 138 (2020) (mem.).

Soto has been detained pretrial at the Putnam County Jail while he litigates the double-jeopardy question now presented here. In 2021, Soto brought his double-jeopardy claim in federal district court by way of a habeas petition under 28 U.S.C. § 2241. The district court denied relief, and this appeal followed.

## II.

## A.

Federal courts typically review state-court decisions on federal constitutional issues only after the state courts have rendered judgment. *See Younger v. Harris*, 401 U.S. 37, 43–45 (1971). Under 28 U.S.C. § 2241, however, a state pretrial detainee with a double-jeopardy claim may seek habeas relief before trial. *Saulsberry v. Lee*, 937 F.3d 644, 646–47 (6th Cir. 2019). That is the claim Soto brings here; we review the state court's denial of it de novo. *Phillips v. Ct. of Common Pleas*, 668 F.3d 804, 809–10 (6th Cir. 2012).

## B.

The Double Jeopardy Clause, applied to the states through the Fourteenth Amendment, provides that no person may be twice "put in jeopardy of life or limb" for the "same offence." U.S. Const. amend. V. "Under this Clause, once a defendant is placed in jeopardy for an offense, and jeopardy terminates with respect to that offense, the defendant may neither be tried nor punished a second time for the same offense." *Sattazahn v. Pennsylvania*, 537 U.S. 101, 106 (2003).

A lesser-included offense, for purposes of double jeopardy, counts as the "same offense" as any "greater" offenses—meaning offenses that include all the elements of the lesser one. *See Brown v. Ohio*, 432 U.S. 161, 168 (1977). Here, of the charges pending against Soto in 2006,

only the manslaughter charge—and not the child-endangerment charge to which he pled guilty—was a lesser-included offense for the murder charges pending against him now. The question presented, therefore, is whether Soto was ever "placed in jeopardy" for the manslaughter charge dismissed pursuant to his plea agreement.

Our decision here depends more on identifying the relevant rule than on any nuance as to its application to the relevant facts. A defendant is "placed in jeopardy" for a charge when jeopardy "attaches" to that charge. *Crist v. Bretz*, 437 U.S. 28, 32–33 (1978). Historically, jeopardy attached only "to charges on which a jury had rendered a verdict." *Smith v. Massachusetts*, 543 U.S. 462, 466 (2005). That was the English common-law practice: the pleas of *autrefois acquit* (former acquittal) and *autrefois convict* (former conviction) served as "reasons[s] why the prisoner ought not to answer [an indictment] at all, nor put himself upon his trial for the crime alleged." 4 William Blackstone, Commentaries on the Laws of England 329 (1773). Those pleas could be invoked only by a defendant whom a jury had acquitted or convicted of the offense charged. 2 Matthew Hale, The History of the Pleas of the Crown 246 (1736); Blackstone, at 329–30.

The Double Jeopardy Clause "sought to carry th[is] traditional common law rule into our Constitution." *Gamble v. United States*, 139 S. Ct. 1960, 1996 (2019) (Gorsuch, J., dissenting); *see also Crist*, 437 U.S. at 33; 3 J. Story, Commentaries on the Constitution of the United States § 1781, p. 659 (1833). But the Supreme Court later modified that rule, by moving forward the point at which jeopardy attaches at trial. *See Crist*, 437 U.S. at 33–34. Specifically, the Supreme Court has held that jeopardy attaches in a jury trial as soon as a jury is empaneled and sworn, and in a bench trial when the court begins to hear evidence. *Id.* at 36; *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 569 (1977).

Just as important here, however, is a leading case where jeopardy did not attach. In *Serfass v. United States*, the defendant moved on procedural grounds to dismiss the charge against him. 420 U.S. 377, 389 (1975). The district court granted that motion and dismissed the charge; yet the Supreme Court held that "neither before nor after the ruling did jeopardy attach." *Id.* The Court explained that "[a]t no time during or following the hearing on petitioner's motion to dismiss the indictment did the District Court have jurisdiction to do more than grant or deny

that motion[.]" *Id.* The district court was therefore "without power to make any determination regarding petitioner's guilt or innocence." *Id.*

These cases make plain that the *sine qua non* for attachment is power: a criminal defendant is "in jeopardy" as to a particular charge only when a court or jury has power to determine his guilt or innocence as to that charge. *See id.* at 389. Only then is a defendant legally subject to a determination of guilt. And so only then is the defendant "put to trial before the trier of facts, whether the trier be a jury or a judge." *Id*. at 388 (cleaned up).

Here, everyone agrees that—during Soto's 2006 plea hearing—jeopardy attached to the child-endangerment charge once the court accepted Soto's guilty plea for that charge. But only the manslaughter charge matters in this appeal; and during the 2006 hearing the court lacked power to determine Soto's guilt or innocence of that charge. Soto does not dispute the point. Like the charge in *Serfass*, rather, the manslaughter charge was dismissed before it could be considered by any trier of fact. *See id.* Thus, jeopardy never attached to that charge. *See id.*

Soto counters that "a guilty plea hearing is in all relevant respects similar to a bench trial at which a single witness is sworn." In a bench trial, however, the court has power to find the defendant guilty of any of the charges then pending before it; whereas in a plea hearing the court can do the same only for a charge to which the defendant chooses to plead guilty. That is a dispositive respect in which bench trials and plea hearings are quite different.

The error that runs throughout Soto's brief is his insistence that, once jeopardy attaches to one charge during a proceeding, it attaches to all charges then pending against the defendant. The Supreme Court has never endorsed that proposition. Jeopardy attaches to offenses, not proceedings. Indeed, the Double Jeopardy Clause by its terms is offense specific: it protects against being twice put in jeopardy "for the same offence." U.S. Const. amend. V.

Soto is likewise mistaken in his reliance upon *Martinez v. Illinois*, 572 U.S. 833 (2014) (per curiam). There, the prosecution refused to participate in the defendant's trial after the court had sworn in a jury—yet the Supreme Court held that jeopardy attached nonetheless. *Id.* at 840. That holding illustrates, starkly, that attachment is about power to determine guilt or

innocence—and not about the likelihood of "possible conviction." *Id*. at 839 (citation omitted). *Martinez* refutes Soto's understanding of jeopardy rather than confirms it.

Jeopardy did not attach to Soto's manslaughter charge during his 2006 prosecution. We therefore reject his claim under the Double Jeopardy Clause. That said, nothing we have decided here affects whether Soto can obtain any relief available to him under his plea agreement with the State. *See Puckett v. United States*, 556 U.S. 129, 137–38 (2009).

\* \* \*

The district court's November 30, 2021 Order is affirmed.

———————————

## CONCURRENCE

———————————

GRIFFIN, Circuit Judge, concurring.

I join the opinion of the court.  I write separately to note two matters.

First, neither Soto's plea agreement nor the trial court's order dismissing the manslaughter charge indicated whether the dismissal was with or without prejudice to reprosecution.  Because it did not specify, Ohio law presumes that the dismissal was without prejudice.  *See State v. Hunter*, 968 N.E.2d 585, 589 (Ohio Ct. App. 2012); *cf. State v. Troisi*, 206 N.E.3d 695, 707 (Ohio 2022) (requiring a district court to make certain findings, not present here, before it may enter a dismissal with prejudice).  If the dismissal had been with prejudice, Soto would likely succeed today.  *See Troisi*, 206 N.E.3d at 707.

Second, we do not stand alone in today's holding.  Many of our sister circuits have also held that charges dismissed as part of a plea agreement may be pursued again without violating the Double Jeopardy Clause.  *See United States v. Soto-Alvarez*, 958 F.2d 473, 482 n.7 (1st Cir. 1992); *United States v. Green*, 139 F.3d 1002, 1004 (4th Cir. 1998); *Tezak v. United States*, 256 F.3d 702, 714 (7th Cir. 2001); *United States v. Garner*, 32 F.3d 1305, 1311 n.6 (8th Cir. 1994); *United States v. Nyhuis*, 8 F.3d 731, 735 n.2 (11th Cir. 1993); *see also United States v. Dionisio*, 503 F.3d 78, 88–89 (2d Cir. 2007); *United States v. Vaughan*, 715 F.2d 1373, 1376–78 (9th Cir. 1983); *but see United States v. Mintz*, 16 F.3d 1101, 1106 (10th Cir. 1994).