Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/10/2026 08:08 AM CDT

State of Nebraska, appellee, v.
Jestin C. Holland, appellant.
___ N.W.3d ___

Filed April 10, 2026.    No. S-25-405.

1. **Pleadings.** Issues regarding the grant or denial of a plea in bar are questions of law.
2. **Evidence: Appeal and Error.** On a question of law, an appellate court reaches a conclusion independent of the court below.
3. **Double Jeopardy.** The Double Jeopardy Clauses of the U.S. and Nebraska Constitutions are coextensive and protect against three distinct abuses: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense.
4. **Double Jeopardy: Juries: Pleas.** Jeopardy attaches (1) in a case tried to a jury, when the jury is impaneled and sworn; (2) when a judge, hearing a case without a jury, begins to hear evidence as to the guilt of the defendant; or (3) at the time the trial court accepts the defendant's guilty plea.

Appeal from the District Court for Douglas County: Shelly R. Stratman, Judge. Affirmed.

Thomas C. Riley, Douglas County Public Defender, Noelle M. Obermeyer, and Bekah Keller, for appellant.

Michael T. Hilgers, Attorney General, Zachary A. Viglianco, and Cody S. Barnett for appellee.

Funke, C.J., Cassel, Stacy, Papik, Freudenberg, Bergevin, and Vaughn, JJ.

Papik, J.

After a city prosecutor filed a criminal complaint against Jestin C. Holland alleging that he had violated city ordinances, a prosecutor from the county attorney's office filed a criminal complaint against Holland arising out of the same incident. In the case brought by the city prosecutor, the parties reached a plea agreement. Pursuant to that plea agreement, Holland entered a no contest plea to a misdemeanor charge of disorderly conduct and the prosecution dismissed a misdemeanor assault and battery charge.

Later, when the county attorney's office pursued a charge of first degree felony assault against Holland, Holland filed a plea in bar, arguing that the subsequent prosecution violated his double jeopardy rights. Holland took the position that assault and battery under the municipal code and first degree felony assault under state statute were the same offense for double jeopardy purposes.

The district court denied Holland's plea in bar. It concluded that jeopardy never attached to the assault and battery charge and therefore the State was not barred from pursuing the felony assault charge. Holland now argues on appeal that the district court erred by concluding that jeopardy did not attach. We find no error and therefore affirm the denial of the plea in bar.

## I. BACKGROUND

Holland was charged in two different cases by prosecutors from two different offices. All charges arose out of the same alleged conduct. We summarize the proceedings in each case in the sections below, beginning with the first case filed.

### 1. Case Alleging Violations of Municipal Ordinances

In November 2023, a prosecutor filed a criminal complaint against Holland in county court. The complaint alleged that Holland had committed assault and battery and disorderly conduct, in violation of municipal ordinances of Omaha, Nebraska. The complaint listed the victim of Holland's alleged

assault and battery and alleged that Holland had committed the crimes on a date in September 2023. The prosecutor who signed the complaint listed his position as "City Prosecutor and/or Special Deputy Douglas County Attorney."

The day after the charges were filed, Holland was arraigned. At the arraignment, he entered not guilty pleas to both charges.

The next month, Holland appeared in the county court for a pretrial hearing. At that hearing, the parties informed the county court that they had reached a plea agreement. A prosecutor used just a few words to describe the plea agreement to the county court by saying, "[D]isorderly for $200.00, dismiss the assault." Holland's counsel agreed with that characterization of the plea agreement.

The county court thereafter advised Holland of his rights in a plea colloquy before asking how he wished to plead to the disorderly conduct charge. Holland responded, "No contest."

The county court later asked the prosecutor to provide a factual basis for the plea. The verbatim transcript of the proceedings records the prosecutor as responding, "(Indiscernible) complaint in Omaha, Douglas County, Nebraska, the defendant was in a physical altercation with [the victim named in the complaint]." Holland's counsel stated that he had no objection to the factual basis.

The county court found that a factual basis existed for the plea. It stated on the record that it found Holland guilty of disorderly conduct and that the assault and battery charge was "dismissed under the motion of the State." The county court later made a journal entry stating that the assault and battery charge was "dismissed on the motion of the prosecutor with prejudice."

The county court sentenced Holland to pay a $200 fine and $50 in court costs.

## 2. Case Alleging Felony Assault

Three days before Holland entered his no contest plea in the case described above, a prosecutor with the Douglas County

Attorney's office filed a criminal complaint against Holland in county court. This complaint alleged that on the same date in September 2023, Holland had committed second degree felony assault against the same named victim.

According to the record before us, little happened in this case until March 2025, when the prosecutor filed an amended criminal complaint substituting a charge of first degree felony assault for the initial charge of second degree felony assault. The complaint continued to allege that the assault took place on the same date in September 2023 and listed the same named victim.

After Holland waived a preliminary hearing, the case was bound over to district court, and the State filed an information charging Holland with first degree felony assault. Holland then filed a plea in bar. He asked the district court to dismiss the information on the ground that it charged Holland "with a crime for which [he] has already been charged."

### 3. PLEA IN BAR PROCEEDINGS AND ORDER

The district court held a hearing on the plea in bar at which it received evidence of the proceedings described above. The district court then permitted the parties to file briefs regarding the plea in bar. Holland argued in his brief that assault and battery under the Omaha Municipal Code and first degree felony assault as defined by Neb. Rev. Stat. § 28-308 (Reissue 2016) are the same offense for double jeopardy purposes.

After the submission of the parties' briefs, the district court entered an order denying the plea in bar. In its order, the district court considered whether jeopardy had attached to the assault and battery charge that was dismissed by the county court. Relying primarily on *U.S. v. Dionisio*, 503 F.3d 78 (2d Cir. 2007), and *Soto v. Siefker*, 79 F.4th 715 (6th Cir. 2023), the district court concluded that the question of whether jeopardy attached to the assault and battery charge depended on whether Holland was ever at risk of being convicted of that charge or whether the county court made findings of fact on

the merits of that charge. The district court determined that because Holland was never at risk of being convicted of the assault and battery charge and the disposition of that charge did not involve a determination of its factual merits, jeopardy never attached. And because jeopardy did not attach to the assault and battery charge, the district court concluded that Holland's double jeopardy rights were not violated by the State's pursuit of the felony assault charges. Accordingly, the district court denied the plea in bar.

Holland timely appealed the denial of his plea in bar. See *State v. Milenkovich*, 236 Neb. 42, 458 N.W.2d 747 (1990) (holding that denial of plea in bar is final, appealable order).

## II. ASSIGNMENTS OF ERROR

Holland assigns two errors on appeal, but we need mention only one because, based on our analysis below, it is dispositive. Holland assigns that the district court erred when it concluded that jeopardy did not attach to the assault and battery charge that was dismissed by the county court.

## III. STANDARD OF REVIEW

[1,2] Issues regarding the grant or denial of a plea in bar are questions of law. *State v. Lewis*, 313 Neb. 879, 986 N.W.2d 739 (2023). On a question of law, an appellate court reaches a conclusion independent of the court below. *Id.*

## IV. ANALYSIS

### 1. Double Jeopardy

Holland argues that the double jeopardy provisions of the U.S. and Nebraska Constitutions bar the State from pursuing the felony assault charge against him. Before addressing Holland's arguments, we briefly review some double jeopardy basics.

### (a) Double Jeopardy Background

[3] The Fifth Amendment to the U.S. Constitution provides, in relevant part, that no person shall be "subject for

the same offence to be twice put in jeopardy of life or limb." Similarly, article I, § 12, of the Nebraska Constitution provides, "No person shall be . . . twice put in jeopardy for the same offense." We have recognized that the Double Jeopardy Clauses of the U.S. and Nebraska Constitutions are coextensive and protect against three distinct abuses: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *Lewis, supra*.

Generally speaking, the constitutional prohibition against double jeopardy protects "an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense." *Green v. United States*, 355 U.S. 184, 187, 78 S. Ct. 221, 2 L. Ed. 2d 199 (1957). More specifically, the Double Jeopardy Clause bars retrial of a defendant when (1) jeopardy has attached in a prior proceeding, (2) the defendant is being retried for the same offense prosecuted in that prior proceeding, and (3) the prior proceeding has terminated jeopardy. See *State v. Furrey*, 270 Neb. 965, 708 N.W.2d 654 (2006). See, also, *Sattazahn v. Pennsylvania*, 537 U.S. 101, 123 S. Ct. 732, 154 L. Ed. 2d 588 (2003).

### (b) Did Jeopardy Attach Here?

Before the district court and again before us on appeal, Holland argues that the felony assault charge he is currently facing and the assault and battery charge that was dismissed in county court are, for double jeopardy purposes, the same offense. But even assuming that is the case, double jeopardy principles would not bar retrial if, as the district court concluded, jeopardy did not attach in the prior proceeding. See *Furrey, supra.* As the U.S. Supreme Court has explained, "an accused must suffer jeopardy before [the accused] can suffer double jeopardy." *Serfass v. United States*, 420 U.S. 377, 393, 95 S. Ct. 1055, 43 L. Ed. 2d 265 (1975). We thus begin our analysis with the question of whether jeopardy attached.

[4] We have recognized that jeopardy attaches (1) in a case tried to a jury, when the jury is impaneled and sworn; (2) when a judge, hearing a case without a jury, begins to hear evidence as to the guilt of the defendant; or (3) at the time the trial court accepts the defendant's guilty plea. *State v. Vasquez*, 271 Neb. 906, 716 N.W.2d 443 (2006). Under that rule, jeopardy clearly attached to the disorderly conduct charge when Holland entered his no contest plea to that charge. That, however, is irrelevant to Holland's double jeopardy argument. As the U.S. Court of Appeals for the Sixth Circuit has explained, "Jeopardy attaches to offenses, not proceedings." *Soto v. Siefker*, 79 F.4th 715, 719 (6th Cir. 2023). And, as we have said, Holland's double jeopardy argument focuses on the initial assault and battery charge, not the disorderly conduct charge. Accordingly, the relevant question is whether jeopardy attached to the assault and battery charge.

Even though Holland did not enter a plea to the assault and battery charge or face trial on that charge, he argues that jeopardy nonetheless attached. In support, he relies on two U.S. Supreme Court opinions, *Serfass, supra*, and *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 97 S. Ct. 1349, 51 L. Ed. 2d 642 (1977), and an opinion from the U.S. Court of Appeals for the 10th Circuit, *U.S. v. Mintz*, 16 F.3d 1101 (10th Cir. 1994).

In our view, neither U.S. Supreme Court case supports Holland's argument, and, in fact, both cases provide confirmation that the district court was correct to conclude that jeopardy had not attached to the assault and battery charge. As for *Mintz*, we disagree with its conclusion. We explain our reasoning on these points in more detail in the sections below.

### *(i)* Serfass v. United States

At issue in *Serfass v. United States*, 420 U.S. 377, 95 S. Ct. 1055, 43 L. Ed. 2d 265 (1975), was whether jeopardy attached when a trial court granted a defendant's pretrial motion to dismiss an indictment on procedural grounds. The

U.S. Supreme Court held that "neither before nor after the ruling did jeopardy attach." *Id*., 420 U.S. at 389. The Supreme Court explained that under its precedents, jeopardy did not attach to an offense until a defendant is "'put to trial before the trier of facts, whether the trier be a jury or a judge.'" *Id*., 420 U.S. at 388 (quoting *United States v. Jorn*, 400 U.S. 470, 91 S. Ct. 547, 27 L. Ed. 2d 543 (1971)). But at the time that the defendant's motion to dismiss was considered, the trial court was "without power to make any determination regarding [the defendant's] guilt or innocence." *Serfass*, 420 U.S. at 389. All that the trial court could do at that stage, the Supreme Court explained, was grant or deny the pretrial motion to dismiss. As a result, jeopardy did not attach.

Holland argues that, unlike the trial court in *Serfass*, the county court here had the authority to adjudicate his guilt or innocence, and that jeopardy thus attached. Holland appears to find support for that notion in the fact that he did not move to dismiss any charges, the prosecutor did. See brief for appellant at 11 ("Holland did not move to dismiss the charge. Instead, the proceeding arose from a plea agreement between the defense and the State").

But the fact that the assault and battery charge was dismissed pursuant to a plea agreement hardly shows that the county court had the authority to adjudicate Holland's guilt or innocence on that charge. The county court obviously had the power to determine Holland's guilt as to the *disorderly conduct charge* once he entered a no contest plea to that charge. But Holland's guilt or innocence as to the *assault and battery charge* was not on the table during the plea hearing. The county court had no power to find Holland guilty of that charge at the plea hearing—Holland had entered a not guilty plea to that charge during his arraignment, he never withdrew that plea, and no trial had taken place. And Holland's potential innocence as to assault and battery was not presented to the county court either; the prosecution moved to dismiss the charge without consideration of its merits.

Multiple federal courts of appeals have similarly concluded that because a trial court lacks the power to determine the defendant's guilt or innocence as to a charge dismissed pursuant to a plea agreement, jeopardy does not attach to such a charge. In *Soto v. Siefker*, 79 F.4th 715 (6th Cir. 2023), for example, a defendant argued that a plea hearing is functionally equivalent to a bench trial and therefore jeopardy had attached to a charge dismissed pursuant to a plea agreement at a plea hearing. The Sixth Circuit rejected the argument, explaining that at a bench trial, the court has the power to find the defendant guilty of any pending charges, but, at a plea hearing, the court can find the defendant guilty of only the charges to which he or she enters a guilty plea. The Sixth Circuit held that under *Serfass*, jeopardy had not attached to the charge dismissed pursuant to the plea agreement.

To the same effect is *United States v. Barker*, 681 F.2d 589 (9th Cir. 1982). In that case, the Ninth Circuit determined that jeopardy had not attached to charges dismissed pursuant to a plea agreement. The Ninth Circuit explained that at a plea hearing, the court determines guilt or innocence of only "the specific charge to which the defendant has agreed to plead guilty." *Id.* at 592. In accepting a plea as to one offense, the Ninth Circuit observed, "the judge is not free to consider conviction or acquittal" on a dismissed charge because "[i]n the context of a plea hearing, [a dismissed charge] is not before [that judge]." *Id*. See, also, *United States v. Vaughan*, 715 F.2d 1373 (9th Cir. 1983) (holding that jeopardy did not attach to charges dismissed at plea hearing because trial court lacked power to determine guilt or innocence as to those charges).

*Serfass* does not support Holland's argument that jeopardy attached to the assault and battery charge.

*(ii)* United States v. Martin Linen Supply Co.

Holland's reliance on *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 97 S. Ct. 1349, 51 L. Ed. 2d 642 (1977), is also unavailing. In that case, the U.S. Supreme Court

acknowledged that double jeopardy protections are triggered when a defendant is acquitted of a charge. The Court went on to emphasize that whether a disposition is an "'acquittal'" does not depend on the court's description of that disposition, but rather on whether, "whatever its label, [it] actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged." *Id*., 430 U.S. at 571. Holland argues that the county court in this case resolved some or all of the factual elements of the assault and battery charge.

We again disagree. While the county court resolved the disorderly conduct charge when it accepted Holland's no contest plea, it had no reason to resolve, and there are no indications it did adjudicate, the merits of the assault and battery charge. As the Ninth Circuit explained in *Barker, supra*, a dismissed charge ordinarily does not come before the judge in the context of a plea hearing.

We acknowledge that, after the plea hearing, the county court made a journal entry stating that the assault and battery charge was dismissed with prejudice. This does not dissuade us from our conclusion that Holland was not functionally acquitted of assault and battery by the county court. Once again, we find guidance from multiple federal courts of appeal. In *U.S. v. Lindsey*, 47 F.3d 440 (D.C. Cir. 1995), *cert. granted and judgment vacated on other grounds* 516 U.S. 1023, 116 S. Ct. 665, 133 L. Ed. 2d 516, a defendant argued that because a charge against him was dismissed with prejudice before trial, double jeopardy barred prosecution for the same offense in a subsequent proceeding. The D.C. Circuit was not persuaded. It stated that a dismissal is an acquittal only if it meets the *Martin Linen Supply Co.* test, i.e., "[it] actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged." *Martin Linen Supply Co.*, 430 U.S. at 571. The D.C. Circuit determined that notwithstanding the "with prejudice" label, the dismissal in the case before it was not a resolution of the factual elements of the dismissed charge.

In *U.S. v. Dionisio*, 503 F.3d 78 (2d Cir. 2007), the U.S. Court of Appeals for the Second Circuit likewise held that jeopardy did not attach to a charge that was dismissed with prejudice pursuant to a plea agreement. The Second Circuit expressed skepticism with the conclusion of the district court in that case that a dismissal with prejudice could *never* result in the attachment of jeopardy. The court suggested that

> a plea agreement in which the court was directly involved in a defendant's decision to plead guilty to two counts, in exchange for an agreement to drop with prejudice a third count, all on the basis of findings of certain facts which support that agreement, might perhaps constitute a pretrial fact-finding that implicated jeopardy in its proper sense of risk of exposure.

*Id.* at 84. Even so, the Second Circuit determined that jeopardy had not attached in the case before it. Applying the same *Martin Linen Supply Co.* test, the court explained that there was "nothing in the record to suggest that the dismissal entailed a resolution of any factual elements that went to the merits of the [dismissed] charges" and "certainly no indication that any such resolution (assuming *arguendo* that one had occurred) involved a process that put [the defendant] at any risk of conviction." *Dionisio, supra*, 503 F.3d at 89 (emphasis in original).

We agree with the D.C. and Second Circuits that a dismissal is not a functional acquittal merely because it bears a "with prejudice" label. According to *Martin Linen Supply Co.*, whether a dismissal amounts to a functional acquittal does not depend on labels, but on whether the trial court resolved factual elements of the charged offense. See 430 U.S. at 571 ("we have emphasized that what constitutes an 'acquittal' is not to be controlled by the form of the judge's action").

And while Holland argues that the facts of this case are analogous to the hypothetical the Second Circuit offered in *Dionisio* as a scenario in which jeopardy might attach, we disagree. There is nothing in the record showing that the county

court was directly involved in Holland's decision to enter the plea agreement or that it made findings of fact that supported the agreement.

The idea that the county court resolved the factual elements of the assault and battery charge in this case is particularly implausible given the limited factual basis provided by the prosecutor at the plea hearing. The prosecutor stated only that Holland had been involved in a physical altercation in Omaha. There is no reason to believe that the prosecution or the defense was asking the county court to determine whether Holland had committed assault and battery based on that limited factual basis. Moreover, the purpose of the factual basis requirement is to ensure that a guilty or no contest plea is entered understandingly and voluntarily, see *State v. Clemens*, 300 Neb. 601, 915 N.W.2d 550 (2018), not to determine that the defendant did not commit dismissed offenses.

Because there is no indication here that the county court resolved any factual elements of the assault and battery charge, we reject Holland's argument that he was functionally acquitted of that offense.

### (iii) U.S. v. Mintz

Holland lastly faults the district court for relying on opinions from the Second and Sixth Circuits to conclude that jeopardy had not attached to the assault and battery charge. He contends that the district court should instead have followed the 10th Circuit's opinion in *U.S. v. Mintz*, 16 F.3d 1101 (10th Cir. 1994).

In *Mintz*, the 10th Circuit impliedly found that jeopardy attached to charges that were dismissed by the prosecution after the defendant entered a guilty plea to another charge. But the opinion included no analysis as to why jeopardy attached, and instead, it only cited another 10th Circuit opinion, *U.S. v. Holland*, 956 F.2d 990 (10th Cir. 1992), to support that conclusion. *Holland* also concluded that jeopardy attached to a dismissed charge, but it too contained no analysis as to why

jeopardy attached, only a citation to another 10th Circuit opinion, *United States v. Derr*, 726 F.2d 617 (10th Cir. 1984). And, if the citation trail is followed all the way to *Derr*, it is soon revealed that double jeopardy was not even at issue in *Derr*. See *U.S. v. Dionisio*, 415 F. Supp. 2d 191 (E.D.N.Y. 2006) (declining to follow *Mintz* after tracing its origins to *Derr*).

Given its questionable foundations, we are not persuaded that we should follow *Mintz*. In fact, it is not even clear that *Mintz* remains good law in the 10th Circuit. Nearly two decades after *Mintz*, in *U.S. v. Angilau*, 717 F.3d 781, 787 n.1 (10th Cir. 2013), the 10th Circuit observed that *Mintz* contained no analysis and "appear[ed] to be in tension with" 10th Circuit authority that came before and after it.

If all that were not enough, *Mintz* is clearly an outlier holding. Many other courts, some in opinions we have discussed above, have concluded, contrary to *Mintz*, that jeopardy does not attach to a charge dismissed pursuant to a plea agreement. See, e.g., *Soto v. Siefker*, 79 F.4th 715 (6th Cir. 2023); *U.S. v. Dionisio*, 503 F.3d 78 (2d Cir. 2007); *Tezak v. U.S.*, 256 F.3d 702 (7th Cir. 2001); *U.S. v. Green*, 139 F.3d 1002 (4th Cir. 1998); *U.S. v. Lindsey*, 47 F.3d 440 (D.C. Cir. 1995), *cert. granted and judgment vacated on other grounds* 516 U.S. 1023, 116 S. Ct. 665, 133 L. Ed. 2d 516; *U.S. v. Garner*, 32 F.3d 1305 (8th Cir. 1994); *U.S. v. Nyhuis*, 8 F.3d 731 (11th Cir. 1993); *U.S. v. Soto-Alvarez*, 958 F.2d 473 (1st Cir. 1992); *United States v. Vaughan*, 715 F.2d 1373 (9th Cir. 1983); *United States v. Barker*, 681 F.2d 589 (9th Cir. 1982); *U.S. v. Hawes*, 774 F. Supp. 965 (E.D.N.C. 1991); *State v. Hastey*, 196 A.3d 432 (Me. 2018); *People v. Mezy*, 453 Mich. 269, 551 N.W.2d 389 (1996).

We are not persuaded that *Mintz* was correctly decided. The district court did not err by declining to follow it.

### (c) Summary of Jeopardy Attachment Analysis

In sum, we find that the district court did not err in concluding that jeopardy did not attach to the assault and battery

charge. Holland never faced trial on that offense, he did not enter a guilty or no contest plea to that offense, and we are not persuaded by any of his arguments that jeopardy otherwise attached.

Because the district court was correct to conclude that jeopardy had not attached to the assault and battery charge, it was also correct to deny the plea in bar. See *Serfass v. United States*, 420 U.S. 377, 393, 95 S. Ct. 1055, 43 L. Ed. 2d 265 (1975) ("an accused must suffer jeopardy before [the accused] can suffer double jeopardy").

## 2. Other Remedies Not Before Us

Although Holland primarily argues in this appeal that double jeopardy protections bar the State from pursuing the felony assault charge, he also makes some suggestions along the way that the terms of his plea agreement are not being honored. The issue of whether the State breached the plea agreement by pursuing the felony assault charges is not before us in this appeal. Holland sought relief only on double jeopardy grounds in the district court, and the sole issue in this interlocutory appeal is whether the district court correctly denied the plea in bar.

Nothing in this decision should be understood to foreclose Holland from seeking relief in the district court based on the plea agreement. Neither should anything in this decision be understood to comment on whether Holland would be entitled to such relief.

## V. CONCLUSION

Because we find that Holland's double jeopardy rights were not violated and no other issues are before us in this interlocutory appeal, we affirm the district court's denial of the plea in bar.

Affirmed.